David T. BUCKMASTER and Eugenia Buckmaster, Appellants (Plaintiffs Below),

v.

Thomas W. PLATTER and Carolyn K. Platter, Appellees (Defendants Below).

No. 3–481A96.

Court of Appeals of Indiana, Third District.

Sept. 30, 1981.

Kenneth R. Scheibenberger, Lebamoff & Associates, Fort Wayne, for appellants.

Charles M. Loeser, Bonahoom, Chapman, McNellis & Michaels, Fort Wayne, for appellees.

HOFFMAN, Presiding Judge.

David and Eugenia Buckmaster filed a claim for the eviction of Thomas and Carolyn Platter in the Small Claims Division of the Allen Superior Court. At a hearing on this claim, the Platters raised by way of counterclaim an alleged breach of an option contract to buy the property. The Platters requested specific performance of the option contract, or in the alternative, money damages.

On April 16, 1979 the trial court ruled in favor of the Platters in the eviction action. With regard to the counterclaim, the trial court ordered the Buckmasters to convey the property to the Platters upon receipt of $7,000. It was further ordered that if the Buckmasters were unable to comply with the specific performance order, the Platters would be entitled to a judgment against the Buckmasters in the sum of $1,500.

The Platters later filed: a verified motion for proceedings supplemental and a motion for correction, modification and enforcement of judgment. The hearing on these motions revealed that the Buckmasters were unable to comply with the trial court's specific performance order due to liens on the property which exceeded the $7,000 sales price. The trial court modified its prior judgment and ordered specific performance. The Buckmasters were divested of all right and interest in the property, and the Platters were ordered to satisfy all liens and judgments against the property. The Buckmasters were also ordered to pay the Platters the sum of $500.

The only issue on appeal is whether the Allen Superior Court, Small Claims Division, has jurisdiction to order specific performance of the option. The evidence is undisputed that the appraised value of the land is $8,500 and the liens against the property total $7,466.86.

IC 1971, 33–10.5–3–3 (1980 Burns Supp.) provides:

"Jurisdiction of small claims and misdemeanor division of superior courts in certain counties.—In any county with a population of not less than one hundred fifty thousand [150,000] nor more than five hundred thousand [500,000] having a unified superior court, the small claims and misdemeanor division of the superior court has the following jurisdiction:

(1) Original and concurrent jurisdiction in all civil cases founded on contract or tort in which the debt or damage claimed does not exceed one thousand five hundred dollars [$1,500].

(2) Original and concurrent jurisdiction in possessory actions between a landlord and tenant where the rent reserved does not exceed five hundred dollars [$500] per month.

(3) Original and concurrent jurisdiction of all class D felony, misdemeanor, and infraction cases.

(4) Original jurisdiction in cases involving a request for a surety of the peace.

(5) Original and concurrent jurisdiction of cases involving the violation of ordinances of cities, towns, or other municipal corporations.

(6) Original and concurrent jurisdiction of cases involving violations of ordinances which relate to traffic."

The Buckmasters contend that because this statute limits the jurisdiction of the Allen

Superior Court, Small Claims Division, to contract cases in which the debt or damage claimed does not exceed $1,500, the trial court erred in ordering the transfer of property with an appraised value of $8,500. The Platters on the other hand argue that when the liens against the property are considered, the net value of the property, plus the $500 judgment, is less than the $1,500 jurisdictional limit.

A threshold question is whether the small claims division of a superior court has jurisdiction to order specific performance of an option contract. Specific performance is an equitable remedy and the power of a court to compel specific performance is an extraordinary power. *Neel v. The Cass Co. Fair Assoc.* (1968), 143 Ind. App. 339, 240 N.E.2d 546. The jurisdiction of an inferior court, such as the small claims division of a superior court, is limited to that which is granted by the constitution or statute.

The statute in question here limits the court's jurisdiction in contract cases to those in which the debt or damage claimed does not exceed $1,500. The clear inference from the wording of the statute is that the small claims division is limited to awarding money damages in such cases. The statute in no way provides for the exercise of extraordinary equitable powers such as specific performance.[1] Such powers are therefore beyond the jurisdiction of the small claims division.

This ruling does not severely restrict litigants in positions similar to that of the Platters. Unlike courts which are governed entirely by Ind. Rules of Procedure, Trial Rule 13(A), there are no compulsory counterclaims in the small claims division. Ind. Rules of Procedure, Small Claims Rule 5 provides:

"(A) Time and Manner of Filing. If the defendant has any counterclaim arising from the same transaction or occurrence which is the subject matter of the plaintiff's claim, and which is within the juris- dictional limits of the court, *he may bring or mail a statement of such claim to the small claims court within such time as will allow the court to mail a copy to the plaintiff* and be received by him at least seven (7) calendar days prior to the hearing. If such counterclaim is not received within this time the plaintiff may request a continuance pursuant to S.C. 9.

"(B) Counterclaim in Excess of Jurisdiction. The defendant in a counterclaim may waive the excess of his claim over the jurisdictional maximum to bring it within the jurisdiction of the small claims docket. If the defendant elects to waive a portion of his counterclaim he may not later maintain a separate action for the remainder of such claim." (Emphasis added.)

The statute gives a litigant various options. He may assert his counterclaim in the small claims division if it is within the jurisdiction of that court. He may also choose to file his counterclaim in the small claims division although the amount claimed is in excess of the jurisdictional amount on the condition that he waives the excess. Finally, the non-mandatory language of S.C.R. 5(A) indicates that a person need not file a counterclaim but may file a separate cause of action either in the small claims division or in the regular civil docket of the superior court. *See generally, In re Public Laws Nos. 305 and 309* (1975), 263 Ind. 506, 334 N.E.2d 659.

For the above reasons, the judgment of the trial court is reversed and this case remanded for proceedings consistent with this opinion.

GARRARD and STATON, JJ., concur.

---

1. Another extraordinary equitable power not provided for in the statute is the issuance of injunctions. *See* IC 1971, 33–10.5–3–3 (1980 Burns Supp.).