Mary Beth **SANDERS**, Appellant–
Defendant,

v.

**AREA PLAN COMMISSION OF EVANS-
VILLE AND VANDERBURGH COUN-
TY**, Appellee–Plaintiff.

No. 82A01–9108–CV–246.

Court of Appeals of Indiana,
First District.

Nov. 27, 1991.

**984**

Cedric Hustace, Mary R. Deig, Bowers, Harrison, Kent & Miller, Evansville, for appellee-plaintiff.

BAKER, Judge.

Defendant-appellant Mary Beth Sanders brings this interlocutory appeal from an order denying her motion to dismiss a zoning ordinance complaint.

Because we find it to be dispositive, we address only the following issue:

Whether the small claims and misdemeanor division of the Vanderburgh Superior Court[1] erred in overruling Sanders's motion to dismiss for lack of subject matter jurisdiction.

1. IND.CODE 33–5–43–35.

## FACTS

On April 25, 1991, the Evansville–Vanderburgh Area Plan Commission (EVC) filed two separate ordinance enforcement actions in the small claims and misdemeanors division of the Vanderburgh Superior Court; these actions concerned two real estate lots owned by Sanders and sought injunctive relief. The case was placed on the small claims docket. On May 21, 1991, claiming lack of subject matter jurisdiction and improper service of process, Sanders moved for dismissal. The trial court denied the motion and certified an order for this interlocutory appeal.

## DISCUSSION AND DECISION

The applicable statutory provisions governing small claims and misdemeanor divisions of superior courts are IND.CODE 33–5–2–2 through IND.CODE 33–5–2–10. Our General Assembly has provided the small claims and misdemeanor division with two dockets. The small claims docket of the division has jurisdiction over 1) "civil actions in which the amount sought or value of property sought to be recovered is not more than three thousand dollars ($3,000)" and 2) "possessory actions between landlord and tenant...." IND.CODE 33–5–2–4. The minor offenses and violations docket has jurisdiction over 1) Class D felony cases, 2) misdemeanor cases, 3) infraction cases, and 4) ordinance violation cases. IND.CODE 33–5–2–8.

■ EVC's notices of claim ask the small claims and misdemeanor division of the superior court to enjoin Sanders's use of real estate allegedly in violation of Evansville's Code of Ordinances. Superior courts do not have the power to issue injunctive relief from their small claims dockets. *Buckmaster v. Platter* (1981), Ind.App., 426 N.E.2d 148, 150, n. 1. In *Buckmaster,* this court held that IND.CODE 33–10.5–3–3, the predecessor statute of IND.CODE 33–5–2–4, did not provide for the exercise of such extraordinary equitable powers. Similarly, we find IND.CODE 33–5–2–4 does not give this additional jurisdiction to the small claims docket.

■ The superior court does not have the power to issue injunctions through its small claims docket because the statute creating that docket, IND.CODE 33–5–2–4, specifically restricts the court's jurisdiction and authority to do so. *Buckmaster, supra.* These limitations, however, do not necessarily mandate dismissal. The small claims and misdemeanor division of the Vanderburgh Superior Court also contains a minor offenses and violations docket. This docket has no such limitation.

The Vanderburgh Superior Court, which is unified, has concurrent and original jurisdiction with the Vanderburgh Circuit Court over civil matters,[2] including the enforcement of zoning ordinances and requests for injunctions and other equitable relief. The minor offenses and violations docket of the small claims and misdemeanor division is not only authorized under subsection four of IND.CODE 33–5–2–8 to hear ordinance violation cases, but it is also authorized to hear (1) Class D felony cases, (2) misdemeanor cases, and (3) infraction cases. In Class D felony and misdemeanor cases, when a defendant's liberty and property interests may be at stake, the stringent rules of evidence are applicable. There is no authorization from any retreat from the procedural and evidentiary safeguards in infraction and minor offenses cases, and there is nothing to prevent the type of case at issue, an ordinance violation case requesting injunctive relief, from being included in the minor offenses and violations docket. In fact, the statute specifically authorizes ordinance violations, which necessarily contemplates the remedy of injunction, to be included in the minor offenses and violations docket. IND.CODE 33–5–2–8(a)(4).

Although the reasoning of *Buckmaster* prevents EVC's claim seeking injunctive relief from being heard on the small claims docket of the small claims and misdemeanor division of the Vanderburgh Superior Court, we hold today that there is no similar jurisdictional obstruction preventing injunctive relief cases from being heard on the minor offenses and violations docket of the small claims and misdemeanor division.

We therefore instruct the trial court to transfer the cause to the proper docket, i.e. to the minor offenses and violations docket of the small claims and misdemeanors division or to another division of the superior court having general civil jurisdiction.

SHIELDS, J., concurs.

RATLIFF, C.J., dissents with opinion.

RATLIFF, Chief Judge, dissenting.

Although I agree that dismissal was not appropriate, I cannot agree that Vanderburgh Superior Court had jurisdiction to grant injunctive relief acting under its minor offenses and violations docket.

The minor offenses and violations docket is a branch of the small claims and misdemeanor division of the Vanderburgh Superior Court. It is clear, and the majority concedes, that small claims courts do not have jurisdiction to grant injunctive relief. *Buckmaster v. Platter* (1981), Ind.App., 426 N.E.2d 148. Thus, I do not believe that a minor offenses and violations docket which is itself a docket within the small claims division can be used as a vehicle for seeking and granting the equitable remedy of injunction.

I am well aware that the statute grants the minor offenses and violations docket jurisdiction over ordinance violations. However, it is apparent to me that the intent of that provision of the statute was to provide for the expeditious handling of the penal aspects of ordinances. In that regard, were the only relief sought in this action the collection of the fine for the ordinance violation, I would agree that the matter properly could be handled by the minor offenses and violations docket. However, I do not believe that the granting of injunctive relief is within the purview of the ordinance violation jurisdiction conferred upon the minor offenses and violations docket of the small claims and misdemeanor division.

2. IND.CODE 33–5–43–4.

Nevertheless, the remedy is not dismissal, because the Vanderburgh Superior Court is a unified superior court with several dockets and divisions. Because the claim here seeks injunctive relief, the case should be filed on the general civil docket. Therefore, in my opinion, the case should be transferred to the general civil docket of the unified superior court.

For the reasons herein stated, I respectfully dissent.