**NIELSEN BUICK JEEP EAGLE SUBARU, Appellant–Defendant,**

v.

**Venicia HALL, Appellee–Plaintiff.**

**No. 45A04–9910–CV–449.**

Court of Appeals of Indiana.

April 5, 2000.

Jill M. Madajczyk, Benjamin T. Ballou, Hodges & Davis, Merrillville, Indiana, Attorneys for Appellant.

## OPINION

BAKER, Judge

Appellant-defendant Nielsen Buick Jeep Eagle Subaru (Nielsen) appeals the trial court's judgment entered in favor of appel-

lee-plaintiff Venicia Hall. Specifically, Nielsen asserts that the small claims court exceeded its jurisdiction when it rescinded the contract between Nielsen and Hall regarding the purchase of a vehicle.

## *FACTS*

The facts most favorable to the judgment are that on November 19, 1998, Hall purchased a used, two-door 1989 Pontiac GrandAm automobile from Nielsen. Hall made a down payment of $1000 and executed a purchase agreement. Pursuant to the contract terms, Hall was to make thirty monthly installments of $249.89 for a total purchase price of $8,496.70. A buyer's guide form was also executed indicating that Hall had purchased the vehicle "as is-no warranty." Record at 38. Hall was responsible for paying all costs for any repairs. However, Hall also executed a twelve-month limited used vehicle service contract with Nielsen. This contract was to extend for 12,000 miles, with a $60 deductible, beginning with the mileage of the automobile at the time of purchase.[1]

The day following the vehicle purchase, Hall returned it to Nielsen, where Nielsen replaced the starter, performed a front and rear brake job, and changed the oil and filter at no cost to Hall. Nielsen performed additional repairs on the vehicle on December 15, 1998 at no cost to Hall.

Hall then returned to Nielsen on January 27, 1999, complaining that the vehicle had failed an emission test. Nielsen performed additional work at no cost. Hall brought the vehicle back to Nielsen once again in April, 1999 and complained of additional problems. At that point, Nielsen refused to make any further repairs to the vehicle, and it has remained at Nielsen's dealership since that date.

Thereafter, on April 9, 1999, Hall filed a Notice of Claim against Nielsen seeking damages in the amount of $3,000, the costs

---

1. The contract states that there were 61,727 miles on the vehicle at the time of purchase.   R. at 19.

of the action, and any other just and proper relief. The cause was tried on May 11, 1999, where the court took the matter under advisement after hearing testimony from Hall and Nielsen's general manager. On August 24, 1999, the trial court entered the following judgment:

> The contract for purchase of 1989 Pontiac GrandAm, two-door, ... is rescinded. Plaintiff, VENICIA HALL, is also awarded a judgment in the amount of ONE THOUSAND TWO HUNDRED FIFTY DOLLARS ($1250.00) plus court costs.
>
> Defendant, NIELSEN BUICK JEEP EAGLE SUBARU, is awarded possession of said automobile.
>
> SO ORDERED.

R. at 12. Nielsen now appeals the judgment.

### DISCUSSION AND DECISION

We first note that Hall has failed to file an appellate brief. When an appellee fails to submit a brief in accordance with our rules, we need not undertake the burden of developing an argument for the appellee. *Johnson Co. Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App.1985). Indiana courts have long applied a less stringent standard of review with respect to showings of reversible error when an appellee fails to file a brief. *Id.* Thus, we may reverse the trial court if the appellant establishes prima facie error. *Jones v. Harner*, 684 N.E.2d 560, 562 n. 1 (Ind.Ct.App.1997). In this context, "prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Johnson Co. Rural Elec.*, 484 N.E.2d at 991. However, when an appellant is unable to meet this burden, we will affirm. *Blair v. Emmert*, 495 N.E.2d 769, 771 (Ind.Ct.App.1986), *trans. denied.*

Rescission of a contract is an equitable remedy. *Stevens v. Olsen*, 713 N.E.2d 889, 891 (Ind.Ct.App.1999); *Sanders v. Area Plan Comm'n of Evansville and Vanderburgh County*, 581 N.E.2d 983, 984 (Ind.Ct.App.1991). The jurisdiction of an inferior court, such as the small claims division of a superior court, is limited to that which is granted by the Constitution or statute. *See Sanders*, 581 N.E.2d at 984–85 (the superior court does not have the power to issue injunctive relief from its small claims docket).

In addressing Nielsen's argument that the small claims court exceeded its authority in ordering rescission of the contract, we first note the provisions of the small claims statute, IND. CODE § 33-5-2-4, which are as follows:

> (a) Except as provided in subsection (b), the small claims docket has jurisdiction over the following:
>
> (1) Civil actions in which the amount sought or value of the property sought to be recovered is not more than three thousand dollars ($3,000). The plaintiff in a statement of claim or the defendant in a counterclaim may waive the excess of any claim that exceeds three thousand dollars ($3,000) in order to bring it within the jurisdiction of the small claims docket....

> . . .

> (b) This subsection applies to a county having a population of more than three hundred thousand (300,000) but less than four hundred thousand (400,000). The small claims docket has jurisdiction over the following:
>
> (1) Civil actions in which the amount sought or value of the property sought to be recovered is not more than six thousand dollars ($6,000). The plaintiff in a statement of claim or the defendant in a counterclaim may waive the excess of any claim that exceeds six thousand dollars ($6,000) in order to bring it within the jurisdiction of the small claims docket....

As set forth above, there is no authority granted to the small claims division to grant the remedy of rescission. Moreover, as we noted in *Sanders* and *Buckmaster v. Platter*, 426 N.E.2d 148, 150 (Ind.Ct.App.

1981), which involved the remedy of specific performance, the small claims statute does not provide for the exercise of such extraordinary equitable powers. Thus, we find that the small claims court exceeded its jurisdiction in ordering rescission of the purchase contract between Nielsen and Hall. We therefore remand this case to the trial court with instructions that it vacates the order with respect to the remedy of rescission and to further amend the order of judgment as the evidence may have required.[2]

Reversed in part, affirmed in part and remanded for correction of judgment.

RILEY, J., and KIRSCH, J., concur.

---

**2.** As a final note, Nielsen urges that the judgment may not stand under any circumstances because Hall made a claim under our "lemon law" statute, IND. CODE § 24–5–13 *et seq.,* which imposes liability upon the manufacturer of the automobile and not a dealer. *See* I.C. § 24–5–13–24. In support of its position, Nielsen points out that Hall indicated on her Notice of Claim that she was "filing a lemon lawsuit." Although Hall may be ineligible to recover under the provisions of our lemon law statute as to Nielsen, there is no showing that she confined her damage request under this theory. Moreover, pursuant to our Small Claims Rules, a plaintiff is not required to plead the case with the specificity normally required under the trial rules. *See* Ind. Small Claims Rules 2(B)(4), 2(C) and 8.