**PARK JEFFERSON APARTMENTS,**
**Appellant–Defendant,**

v.

**STORAGE RENTALS, Appellee–**
**Plaintiff.**

No. 50A03–0003–CV–92.

Court of Appeals of Indiana.

Nov. 14, 2000.

---

J. John Marshall, Park Jefferson Apartments, Elkhart, Indiana, Pro Se Appellant.

**OPINION**

RILEY, Judge

### STATEMENT OF THE CASE

Appellant–Defendant, Park Jefferson Apartments (Park Jefferson), appeals the Amended Additional Judgment Order entered by the Marshall Superior Court No. 2, Small Claims Division, in favor of Storage Rentals (Storage Rentals).

We reverse.

### ISSUE

Park Jefferson raises three issues for our review, which we consolidate and rephrase as one dispositive issue: whether the trial court erred by ordering an additional judgment on a new and additional claim when that claim was never plead or requested by Storage Rentals.

### FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment reveal that on August 26, 1994, Park Jefferson entered into a written agreement to lease storage space from Storage Rentals. The term of the lease was month-to-month and required monthly payments of fifty-one dollars ($51.00). There was also a provision in the lease for a fifteen dollar ($15.00) late charge. Park Jefferson paid rentals as due until July 1996, and then ceased payment. Continuing to use the storage space, Park Jefferson secured it with a padlock.

On January 13, 1997, Storage Rentals filed a notice of claim in small claims court seeking judgment against Park Jefferson for Five Hundred Seventy-eight Dollars ($578.00) representing the amount of damages then due together with costs. An initial hearing was held on March 17, 1997, at which time Park Jefferson denied the claim and the court scheduled the case for

a bench trial to be held on June 9, 1997. Park Jefferson failed to appear for the bench trial on June 9, 1997, and therefore, the trial court heard evidence on the merits of Storage Rentals' claim. At the conclusion of trial, the trial court entered a default judgment in favor of Storage Rentals for Eight Hundred Twelve Dollars ($812.00).

On June 17, 1997, Park Jefferson responded by filing a motion to set aside the default judgment on grounds of excusable neglect. The trial court scheduled the matter for hearing on August 11, 1997. However, on July 9, 1997, Park Jefferson filed a praecipe initiating an appeal of the June 9, 1997, default judgment, and on August 11, 1997, Park Jefferson withdrew its motion to set aside the default judgment.

On October 8, 1997, Storage Rentals filed a proceedings supplemental to execution to collect the unpaid balance in the sum of $812.00. The trial court scheduled a hearing on the motion for November 3, 1997. However, the hearing was continued several times pending Park Jeffersons' appeal. On October 27, 1998, this court filed our memorandum decision, affirming the trial court's judgment against Park Jefferson for $812.00. Thereafter, Storage Rentals renewed its proceedings supplemental on May 25, 1999, as the owner of a judgment against Park Jefferson and obtained on June 9, 1997. There remained an unpaid balance of $812.00. The trial court scheduled a hearing on the proceedings supplemental for June 28, 1999; however, the hearing was continued until July 19, 1999.

At the hearing on July 19, 1999, both parties met and Park Jefferson agreed to pay the judgment in full. However, no agreement was reached regarding the disposal of Park Jeffersons' contents held in the storage unit. Therefore, the trial court scheduled a hearing for August 9, 1999, to determine the proper disposal of the contents in storage. On August 9, 1999, prior to the status of the storage contents hearing (status hearing); Storage Rentals filed a Release of Judgment noting that the judgment had been fully satisfied.

Park Jefferson failed to appear at the status hearing held on August 9, 1999. Nevertheless, Storage Rentals appeared, evidence was submitted, and argument was heard. The trial court entered an Additional Judgment Order for twenty-six (26) months of rent from the date of the original judgment on June 9, 1997, until August 9, 1999, for the time period when the items of personal property were still stored, and Storage Rentals was prohibited from renting the storage unit. Therefore, the trial court ordered Storage Rentals to receive an additional judgment from Park Jefferson in the sum of One Thousand Three Hundred and Twenty-six Dollars ($1,326.00). The trial court further ordered Park Jefferson to remove its items of personal property from the storage unit by September 1, 1999, granted Storage Rentals final order of possession of the property on September 1, 1999, and further granted Storage Rentals leave to dispose of any remaining contents stored in the unit upon obtaining possession of the property.

On September 7, 1999, Park Jefferson filed a Motion to Correct Errors, arguing that when it paid the $812.00 balance, and Storage Rentals released the judgment, the case was concluded, and therefore there was no basis for any further action, including an additional money judgment. On November 1, 1999, the trial court held a hearing on Park Jefferson's Motion to Correct Errors, and denied its motion on December 22, 1999. Park Jefferson now appeals.

### DISCUSSION AND DECISION

We first note that Storage Rentals has failed to file an appellate brief. When an appellee fails to submit a brief in accordance with our rules, we need not undertake the burden of developing an argument for the appellee. *Nielsen Buick*

*Jeep Eagle Subaru v. Hall,* 726 N.E.2d 358, 360 (Ind.Ct.App.2000). Indiana courts have long applied a less stringent standard of review with respect to showings of reversible error when an appellee fails to file a brief. *Id.* Thus, we may reverse the trial court if the appellant establishes prima facie error. *Id.* We also note the appropriate standard of review as set out in *City of Dunkirk Water & Sewage Dept. v. Hall,* 657 N.E.2d 115 (Ind. 1995):

> In the appellate review of claims tried by the bench without a jury, the reviewing court shall not set aside the judgment 'unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.' Ind. Trial Rule 52(A). In determining whether a judgment is clearly erroneous, the appellate tribunal does not reweigh the evidence or determine the credibility of witnesses but considers only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. A judgment in favor of a party having the burden of proof will be affirmed if the evidence was such that from it a reasonable trier of fact could conclude that the elements of the party's claim were established by a preponderance of evidence. This deferential standard of review is particularly important in small claims actions, where trials are 'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'

*Id.* at 116 (citations omitted). Furthermore, judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A).

■ We note that under the Small Claims Rules, the trial shall be informal and that the parties are not generally bound by rules of practice and procedure. Ind. Small Claims Rule 8 (Informality of Hearing). Still, each party bears the burden of proof on his claim or counterclaim and is responsible for bringing evidence to court sufficient to sustain his burden. *Ira v. Brock,* 615 N.E.2d 447, 449 (Ind.Ct.App. 1993).

Park Jefferson argues that the trial court erred by entering an additional judgment when the underlying judgment had been fully satisfied and paid in full. Essentially, Park Jefferson contends that the trial court abused its discretion by entering an additional money judgment when Storage Rentals had not filed a Notice of Claim for any monetary amount, and Park Jefferson had not received any notice or pleadings regarding this new claim. We agree.

■ An order issued as a result of a proceedings supplemental, requiring money to be applied in satisfaction of the creditor's judgment is a final judgment. *Kirk v. Monroe County Tire,* 585 N.E.2d 1366, 1369 (Ind.Ct.App.1992). Proceedings supplemental to execution pursuant to Ind. Trial Rule 69(E) are a creditor's means of remedying a debtor's failure to pay a money judgment. *Id.* at 1368. The proceedings may be enforced by a verified motion or with affidavits in the court where the judgment was rendered. T.R. 69(E). Ind. Code § 34–1–44–1 states:

> If an execution against the property of the judgment debtor or any of several debtors in the same judgment is returned unsatisfied, in whole or in part, the judgment creditor, after the return is made, is entitled to an order to be issued by any circuit, superior, municipal, or city court in the jurisdiction to which the execution issued that requires the judgment debtor to appear before the court to answer concerning the judgment debtor's property, income, and profits within the county to which the execution was issued.

The proceedings are a continuation of the original cause of action, not new and independent civil actions. *Kirk,* 585 N.E.2d at 1368. The purpose of the proceedings is

to determine if the debtor has income or property that can be used in satisfaction of the money judgment. *Id.*

In the present case, at the proceedings supplemental hearing held on July 19, 1999, both parties appeared and Park Jefferson agreed to pay the June 9, 1997, judgment in full. Park Jefferson subsequently paid the balance of the judgment, and Storage Rentals released Park Jefferson from the judgment. Therefore, the $812.00 judgment had been satisfied. Nevertheless, the trial court noted that no agreement had been reached regarding the contents in storage and scheduled a hearing to determine the disposal of the contents held in storage. However, the status hearing was not a proceedings supplemental hearing to satisfy a money judgment, but instead it was to determine the disposal of the contents in storage.

 Although the trial court has broad discretion in conducting proceedings supplemental, *Kirk*, 585 N.E.2d at 1370, this did not give the trial court judge the discretion to act as an advocate on behalf of the creditor, Storage Rentals. A judge should uphold the independence of the judiciary. Ind. Judicial Conduct Cannon 1. It is undisputed that at the status hearing held on August 9, 1999, the only issue before the court was the status of the contents held in storage. Park Jefferson was not present at the status hearing and it had not received notice or pleadings regarding the 26 months of unpaid rent. Nevertheless, the trial court judge conducted the hearing and questioned Storage Rentals' counsel, Mrs. McVey. Specifically, the following colloquy occurred:

> THE COURT: All right, and, uh, there was a judgment entered and Park Jefferson appealed that decision, and then that was affirmed by the Court, and then there is an entry here that says parties met. This was on July 19, 1999 and the defendant agreed to pay the judgment in full, however, no agreement is reached on the disposal of the contents held in storage. The Court sets this cause for hearing to decide disposal of contents. So, that's what we are here today on?

> MRS. MCVEY: Correct.

> THE COURT: All right. Now, has Mr. Marshall [Park Jefferson's counsel] paid you the judgment?

> MRS. MCVEY: I picked up the check today through the Court, yes.

> \* \* \* \* \*

> THE COURT: Okay. And what are you asking the Court today?

> MRS. MCVEY: Um, Mr. Marshall still does have contents in the unit I am assuming, because his lock is still on the storage unit.

> THE COURT: Okay.

> MRS. MCVEY: Even though the judgment has been paid, you know, rents are still accumulating unless something has been done, because I can not [sic] rent the unit until it is empty. I would like the Court to decide one (1) way or the other who is to empty the unit. If Mr. Marshall wants to, that is fine, or I would prefer that I do it myself that way I know that it is done and I can rent the unit.

> THE COURT: Okay. You have been unable to rent the unit for this past two (2) years or even before that … So, you've got twenty-six (26) months that youve not received any rent, even after the judgment was entered, is that correct?

> MRS. MCVEY: Yes, I have not figured it up exactly, but I would assume that is the case, yes.

> THE COURT: Okay. And you are asking for another judgment for that amount?

> MRS. MCVEY: Actually, I would be happy if just the contents were cleared out and I could rent the unit.

> THE COURT: Even though you have gone two (2) years without being able to rent the unit?

MRS. MCVEY: Well, I would prefer to get the money, but Mr. Marshall has a tendency, as you've noticed—I originally filed the Small Claims in July or January of 1997, so it has been that long that he has continually gotten, um, continuances and so forth. Really, I would just like it to be over with and to be able to rent the unit again. If I could get the money that would please me to no end, but my main concern now is mainly to empty the unit.

\* \* \* \* \*

THE COURT: Well, I am inclined to give you a judgment for those two (2) years. Um, I presume then at that point that you can negotiate with Mr. Marshall about maybe not paying it all to make sure that he got his stuff out, but I am inclined to give you that judgment. So, my decision today would be that, uh, an additional judgment would be entered for twenty six (26) months from the date of the original judgment until today when the items of personal property were still stored and prohibited you from renting from another individual. And that sum would be one thousand three hundred and twenty-six dollars ($1326.00).

(R. 43–47).

We find the trial court's additional judgment void because the only issue before the trial court was the contents of the storage unit, Storage Rentals did not file any pleadings or notice of claim regarding the unpaid rent in the amount of $1,326.00, and the $812.00 judgment had been satisfied. Therefore, the trial court judge abused his discretion by acting as an advocate for Storage Rentals and granting an additional judgment for a claim not properly before the court.

Reversed.

BARNES, J., and BAILEY, J., concur.