**John COUNCELLER, Appellant–Intervenor,**

v.

**ECENBARGER, INC. d/b/a Applied Metal & Machine Works, Appellee–Plaintiff,**

v.

**First Metals & Plastics Technologies, Inc., Defendant.**

**National City Bank, Garnishee Defendant.**

**No. 02A05–0501–CV–31.**

Court of Appeals of Indiana.

Sept. 29, 2005.

Donald J. Dickherber, Columbus, for Appellant.

Jack E. Roebel, Fort Wayne, for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Intervenor John Counceller ("Counceller") appeals the small claims court's judgment in proceedings supplemental in favor of Appellee–Plaintiff Ecenbarger, Inc. d/b/a Applied Metal and Machine Works ("Applied Metal"). We affirm.

### Issue

Counceller raises three issues, which we consolidate and restate as whether the filing of the financing statement perfected his security interest in the deposit accounts at issue—i.e., accounts that belong to Defendant First Metals and Plastics Technologies, Inc. ("Defendant")—such that Counceller's interest enjoys priority over Applied Metal's judgment lien.

### Facts and Procedural History

Counceller is the president and majority shareholder of Defendant and has individually loaned Defendant funds in excess of $200,000.00, which have not been repaid. On December 30, 2002, Counceller filed a financing statement with the Indiana Secretary of State, listing Defendant as the "Debtor." Appellant's App. at 17. The financing statement gives Counceller an interest in "[a]ll Debtor's presently owned or hereafter acquired assets, including, without limitation, . . . deposit accounts . . . and all products and proceeds of the foregoing." *Id.* At all times pertinent to this action, however, Defendant remained in control of the bank accounts at issue.

On June 15, 2004, Applied Metal received a default judgment against Defendant in the amount of $5,270.25, plus costs. Defendant has not moved for relief from this default judgment and its validity is not at issue in the present controversy. On July 26, 2004, Applied Metal filed a verified motion for proceedings supplemental to collect the unpaid portion of the judgment, i.e., $5,411.28, wherein it named National City Bank ("Bank") as a garnishee defendant. In its response to Applied Metal's request for interrogatories, Bank disclosed that Defendant maintains two checking accounts at its facility, with a combined balance, at that time, of $5,411.28.

On September 7, 2004, Counceller filed a Verified Petition to Intervene and Assert Claim, wherein he alleged that his filing of the financing statement gave him a security interest in the accounts at issue, which is superior to any subsequent creditors of Defendant, including Applied Metal. Counceller's petition provided:

5. That on August 13, 2004, counsel for [Applied Metal] was given notice of the lien of [Counceller] and a request was made that [Applied Metal] "unfreeze" the sum of $5,411.28 held by [Bank] . . . as a result of [Applied Metal's] collection action. . . .

6. That [Applied Metal] has failed and refused to take action to "unfreeze" the National City Bank account and as a result the intervenor has found it

necessary to employ counsel, incur costs and expenses, and take action to intervene in this case to assert his rights.

* * * * *

8. That [Applied Metal's] lien on [D]efendant's bank account with [Bank] . . . should be lifted.

*Id.* at 15–16. As relief, Counceller requested that the small claims court "grant him the right to intervene in this cause to assert his claim, [and] order the lien on [D]efendant's bank account . . . lifted." *Id.* at 16. On September 16, 2004, the small claims court granted Counceller's request to intervene, but denied his prayer for relief as follows:

5. [Counceller's] request for the hold on the Defendant's bank account to be lifted is now *DENIED*. The intervenor is seeking declaratory and/or injunctive relief from this Court by requesting that his security interest be deemed to have priority over [Applied Metal's] judgment lien and requested garnishment order thereon. Further, the intervenor is not seeking a monetary judgment for collection of any amounts owed pursuant to his lien. His prayer for relief and argument presented at hearing simply assert that the bank accounts should be released to the Defendant. This Court does not have jurisdiction to issue such relief. I.C. § 33–10.5–3–2 and *Sanders v. Area Plan Commission*, 581 N.E.2d 983 (Ind.Ct.App.1991).

*Id.* at 21 (emphasis in original).

That same day, the small claims court ordered Bank to garnish Defendant's account and pay $5,411.28 to the Clerk of the Court. The small claims court further permitted Counceller to "file any appropri-ate action, noticing *all* parties, to seek the enforcement of his lien through judgment in this Court (within jurisdictional limits)." *Id.* at 22. In so doing, the court gave Counceller ten days to file such action and cautioned that "[s]hould the intervenor fail to file said pleadings by September 27, 2004, the monies being held by the Clerk of this Court shall be released to [Applied Metal.]" *Id.*

On September 28, 2004, Counceller filed his "Intervenor's Claim," alleging that his security interest in the bank accounts at issue was perfected upon the filing of the financing statement and, thus, is superior to Applied Metal's judgment lien. This time, Counceller sought payment of the $5,411.28, which was being held by the Clerk of the Court, as partial satisfaction of his claim against Defendant. The small claims court conducted a hearing on Counceller's claim, at which the evidence apparently demonstrated that the monetary balance of the Defendant's accounts with Bank totaled $38,000.00. On November 22, 2004, the small claims court denied Counceller's claim because he does not "control" the accounts at issue pursuant to Indiana Code Section 26–1–9.1–312(b)(1).[1] In particular, the small claims court reasoned:

In the case at hand the Court is inclined to deny the Intervenor's claim for payment of the garnished funds. The evidence is clear that the Defendant remains in control of the accounts and continued to pay its day to day expenses from said accounts. Further, the Intervenor has not sought to gain control or assert his security interest over the entire account in a Court of appropriate jurisdiction. Rather, the Intervenor, if allowed to assert his security interest, post judgment and post garnishment,

---

1. The small claims court's order mistakenly refers to the relevant code section as 21–9.1–312(b)(1), instead of 26–1–9.1–312(b)(1).

would simply be circumventing the payment of this judgment.

*Id.* at 8.

On December 1, 2004, after receiving the garnished funds from the Clerk, Applied Metal filed a release of judgment with the small claims court. Thereafter, on December 17, 2004, Counceller filed his motion to correct error, which the small claims court denied. Counceller now appeals the November 22, 2004 order.

### Discussion and Decision

#### I.  Standard of Review

■ Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). When reviewing claims tried by the bench without a jury, the reviewing court shall not set aside the judgment "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). In determining whether a judgment is clearly erroneous, we do not reweigh the evidence or determine the credibility of witnesses but consider only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *City of Dunkirk Water & Sewage Dep't v. Hall,* 657 N.E.2d 115, 116 (Ind.1995); *see also Park Jefferson Apartments v. Storage Rentals,* 738 N.E.2d 685, 688 (Ind.Ct.App. 2000). A judgment in favor of a party having the burden of proof, i.e., Applied Metal, will be affirmed if the evidence was such that from it a reasonable trier of fact

could conclude that the elements of the party's claim were established by a preponderance of the evidence. *Park Jefferson Apartments,* 738 N.E.2d at 688. This deferential standard of review is particularly important in small claims actions, where trials are informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law. *Hall,* 657 N.E.2d at 116 (citations omitted).

#### II.  Analysis

■ On appeal, Counceller argues that the small claims court's judgment in favor of Applied Metal is clearly erroneous because his interest in the accounts at issue has priority over Applied Metal's judgment lien. In particular, Counceller contends that the financing statement served to perfect his security interest in the deposit accounts in dispute, regardless of his lack of control over such accounts.[2] Before we address whether Counceller's interest in Defendant's deposit accounts enjoys priority over Applied Metal's judgment lien, we note that Counceller has failed to provide us with a copy of the original loan agreement between him and Defendant. Instead, the only pertinent document included in the record is the financing statement, which identifies Defendant as the "Debtor" and describes the collateral as "[a]ll Debtor's presently owned or hereafter acquired assets, including, without limitation, . . . deposit accounts . . . and all products and proceeds of the foregoing." Appellant's App. at 17.

2. Indiana Code Section 26–1–9.1–104 provides:
(a) A secured party has control of a deposit account if:
(1) the secured party is the bank with which the deposit account is maintained;
(2) the debtor, secured party, and bank have agreed in an authenticated record that the bank will comply with instructions originated by the secured party directing disposition of the funds in the account without further consent by the debtor; or
(3) the secured party becomes the bank's customer with respect to the deposit account.
(b) A secured party that has satisfied subsection (a) has control, even if the debtor retains the right to direct the disposition of funds from the deposit account.

That said, we further observe that the parties do not dispute that this cause is governed by Indiana's Uniform Commercial Code, i.e., Indiana Code Section 26–1–9.1, which applies to any transaction, regardless of form—such as the original loan to Defendant—that creates a security interest in personal property or fixtures by contract. *See* Ind.Code § 26–1–9.1–109. In addition, the parties do not contest that Counceller's security interest has attached to the collateral, including Defendant's deposit accounts and the proceeds of such accounts. Indeed, the parties agree that the only issue presently before this Court is whether Counceller has a perfected security interest in the deposit accounts in question, such that his interest is superior to Applied Metal's subsequently obtained judgment lien. Put another way, the sole issue presented is whether Counceller's interest was perfected upon the filing of the financing statement or whether, to perfect his interest in the bank accounts, he was required to maintain control over the accounts. To determine whether a valid security interest in the deposit accounts has been perfected, we look to the statutory provisions of the Uniform Commercial Code, which are controlling.

Indiana Code Section 26–1–9.1–312(b),[3] which governs the perfection of security interests in deposit accounts, provides, in relevant part:

(b) except as otherwise provided in IC 26–1–9.1–315(c) and IC 26–1–9.1–315(d), for proceeds:

(1) a security interest in a deposit account may be perfected only by control under IC 26–1–9.1–314[4] . . .

Indiana Code Section 26–1–9.1–315 provides, in relevant part:

(c) A security interest in proceeds is a perfected security interest if the security interest in the original collateral was perfected.

(d) A perfected security interest in proceeds becomes unperfected on the twenty-first day after the security interest attaches to the proceeds unless:

(1) the following conditions are satisfied:

(A) A filed financing statement covers the original collateral.

(B) The proceeds are collateral in which a security interest may be perfected by filing in the office in which the financing statement has been filed.

(C) The proceeds are not acquired with cash proceeds.

(2) the proceeds are identifiable cash proceeds; or

(3) the security interest in the proceeds is perfected other than under subsection (c) when the security interest attaches to the proceeds or within twenty (20) days thereafter.

Pursuant to these statutory provisions, the only way to perfect a security interest in a deposit account is by control under Indiana Code 26–1–9.1–312(b), unless the

---

**3.** Interestingly, Indiana Code Section 26–1–9.1–312(a), which governs the perfection of a security interest in chattel paper, negotiable documents, instruments, or investment property, allows for perfection by filing the financing statement.

**4.** Indiana Code Section 26–1–9.1–314, which governs the perfection of security interests by control, provides:

(a) A security interest in . . . deposit accounts . . . may be perfected by control of the collateral under IC 26–1–9.1–104 . . .

(b) A security interest in deposit accounts . . . is perfected by control under IC 26–1–9.1–104 . . . when the secured party obtains control and remains perfected by control only while the secured party retains control.

security interest is in proceeds and the original collateral—from which the proceeds derived—was perfected.

■ In the present case, the undisputed evidence reveals that Counceller did not control the deposit accounts at issue under Indiana Code Section 26–1–9.1–312(b). Nevertheless, Counceller maintains that the filing of the financing statement perfected his interest in the bank accounts, which contained proceeds[5] from Defendant's inventory. The record is devoid of any evidence, however, demonstrating that the funds comprising the two accounts in dispute were the proceeds from Defendant's inventory.[6] Rather, the evidence merely shows that such funds were used in the operation of Defendant's business, i.e., to pay the daily operating expenses of the business. Because Counceller has failed to prove that Defendant's deposit accounts were composed of inventory proceeds such that inventory was the original collateral, the exception to perfection by control provided in Indiana Code Section 26–1–9.1–315 does not apply.

■ Moreover, to the extent that the funds in question were proceeds from De-

fendant's original bank accounts, we note that the filing of the financing statement, alone, was still insufficient to perfect the security interest in proceeds because it was insufficient to perfect the original deposit accounts. As previously mentioned, pursuant to Indiana Code Section 26–1–9.1–315, a security interest in proceeds is a perfected security interest only if the security interest in the original collateral was perfected.

Here, because Counceller never controlled the bank accounts at issue pursuant to Indiana Code Section 26–1–9.1–312(b), his interest in such accounts was never perfected. *See* 25A INDIANA LAW ENCYCLOPEDIA, *Secured Transactions* § 22, at 246 (2002) (noting that, generally, the purpose and effect of perfection under the Uniform Commercial Code is to secure the priority of the holder of a perfected security interest in certain collateral against subsequent purchasers and lienholders). Accordingly, Counceller's interest in Defendant's bank accounts is not entitled to priority over Applied Metal's judgment lien, because Counceller had never perfected his interest.[7] Therefore,

---

5.  Indiana Code Section 26–1–9.1–102(64) defines "proceeds," except as used in Indiana Code Section 26–1–9.1–609(b), as the following property:

    (A) Whatever is acquired upon the sale, lease, license, exchange, or other disposition of collateral.
    (B) Whatever is collected on, or distributed on account of, collateral.
    (C) Rights arising out of collateral.
    (D) To the extent of the value of collateral, claims arising out of the loss, nonconformity, or interference with the use of, defects or infringement of rights in, or damage to, the collateral.
    (E) To the extent of the value of collateral and to the extent payable to the debtor or the secured party, insurance payable by reason of the loss or nonconformity of, defects or infringement of rights in, or damage to, the collateral.

6.  Indiana Code Section 26–1–9.1–102(48) defines "inventory" as:

    goods, other than farm products, that:
    (A) are leased by a person as lessor;
    (B) are held by a person for sale or lease or to be furnished under a contract of service;
    (C) are furnished by a person under a contract of service; or
    (D) consist of raw materials, work in process, or materials used or consumed in a business.

7.  Indiana Code Section 26–1–9.1–327, which governs the priority of security interests in deposit account, provides:

    The following rules govern priority among conflicting security interests in the same deposit account:
    (1) A security interest held by a secured party having control of the deposit account under IC 26–1–9.1–104 has priority

the trial court did not err by denying Counceller's claim.

For the foregoing reasons, we affirm the trial court's denial of Counceller's claim to Defendant's deposit accounts.

Affirmed.

SHARPNACK, J., and DARDEN, J., concur.

over a conflicting security interest held by a secured party that does not have control.

(2) Except as otherwise provided in subdivisions (3) and (4), security interests perfected by control under IC 26–1–9.1–314 rank according to priority in time of obtaining control.

(3) Except as otherwise provided in subdivision (4), a security interest held by the bank with which the deposit account is maintained has priority over a conflicting security interest held by another secured party.

(4) A security interest perfected by control under IC 26–1–9.1–104(a)(3) has priority over a security interest held by the bank with which the deposit account is maintained.