Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Dec 20 2013, 5:57 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ERIC S. PAVLACK**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**THOMAS E. ROSTA**
Noblesville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHUBHAM CHOPRA, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03A01-1305-SC-00191 |
| | ) | |
| SHENA PENDYALA, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable Kathleen Tighe Coriden, Judge
The Honorable Joseph W. Meek, Magistrate
Cause No. 03D02-1210-SC-2297

**December 20, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Shubham Chopra ("Chopra") filed a small claims action against Sneha Pendyala ("Pendyala") seeking damages for the diminished value of Chopra's car following a collision with the car driven by Pendyala. The Bartholomew Superior Court issued a judgment in favor of Pendyala. Chopra appeals and raises several arguments, which we consolidate and restate as:

I. Whether the small claims court applied the wrong legal standard when it required Chopra to prove the "exact amount" of damages he suffered;

II. Whether the small claims court erred in rejecting as speculative the diminished value evaluation of the New Jersey automobile dealer;

III. Whether the small claims court erred in excluding the letter Chopra received from a claims adjuster employed by Pendyala's insurer; and

IV. Whether any error by the small claims court was harmless.

We affirm.

**Facts and Procedural History**

On June 16, 2012, Chopra purchased his 2009 Porsche Boxter S automobile from Ray Catena Imports, a car dealership located in Edison, New Jersey. The purchase price of the vehicle was $47,067.65 before taxes. Approximately one and a half months after the car's purchase, on August 3, 2012, Chopra was driving from his home to his office in Columbus, Indiana, when he was involved in a collision with a car driven by Pendyala.

The collision caused physical damage to Chopra's car and a police report was filed. Pendyala's insurer, GEICO, paid for the repairs of the physical damage to Chopra's car. Chopra agrees that the repairs to his car were completed satisfactorily. However, Chopra thereafter asked GEICO to reimburse him for the difference in the car's value before the

2

collision and the value after the collision, citing an email communication Chopra had

received from Steve Walker ("Walker"), the New Jersey-based salesperson from whom

he had purchased the car. The email read:

> Hi Shubham,
>
> I spoke with my manager about the trade value of your Boxster S. If you were to return it to us in the condition it was in when you bought the car from us we would put a trade value on it of $36500. Unfortunately because your Boxster has been in an accident and will have a car fax (because of the police report) we can only offer you $30000.
>
> Sincerely,
> Steve

Tr. Exhibit Volume, Plaintiff's Exhibit 6. Mr. Walker did not see or inspect Chopra's car

after the collision and repairs.

On October 18, 2012, Chopra received a letter from Ronald Tyler ("Tyler"), a

claims supervisor with GEICO. The letter stated:

> [p]lease be advised, we do not consider "actual proof" to be a statement from an auto dealer or independent appraiser unless they are also providing documentation to support their position. Arbitrarily, reducing the condition rating on a vehicle simply because it has been repaired is a result of "market psychology" and we have no obligation to pay these claims.

Appellant's Addendum to Br.

Eight days later, on October 26, 2012, Chopra filed suit against Pendyala in the

small claims division of Bartholomew Superior Court, seeking to recover $6,000 in

damages for the diminished value of his car. A bench trial was held on March 28, 2013.

Chopra appeared *pro se* and Pendyala appeared by counsel. At trial, Pendyala offered

into evidence, and the trial court admitted, an affidavit by Tyler which provided:

3

My name is Ron Tyler. I am a Field Supervisor of Auto Damage Estimators in the Central Indiana area for GEICO Insurance. I have 12 years' experience in estimating automobile damage, handling complaints, and inspecting repair work. I am familiar with quality control as it relates to auto body repair. GEICO maintains an office at [sic] so that customers can have repairs done promptly. Since I am at body shops, including Tom Wood Collision Center, connected to car dealerships around the state on a daily basis, I regularly confer with salesmen regarding auto body damage and resale value. I also have had owners discuss with salesmen the value of their car for trade-in purposes once repairs have been made.

\*\*\*

Cars that experience only cosmetic damage and not structural damage do not lose value if the repair work is professional and of high quality.

Tr. Exhibit Volume, Defendant's Exhibit A.

After the small claims court admitted Tyler's affidavit, Chopra attempted to admit the October 18, 2012 letter he had received from Tyler. The court refused to admit the letter, stating, "one of the things I can't hear is any discussion that you may have had with the insurance company." Tr. p. 12.

The trial court also admitted the police report completed after the collision, the repair invoices, and the email communication from Mr. Walker setting forth the estimated $6,500 diminution in value of Chopra's car.

On April 16, 2013, the trial court issued a judgment in favor of Pendyala. The trial court's order stated, in relevant part:

[Chopra] must prove two things in this case. First, he must prove that [Pendyala] did something to diminish the value of his 2009 Porsche Boxter S. Second, [Chopra] must prove the exact amount by which the value of his car was diminished.

\* \* \*

Based on the evidence and testimony presented at the hearing, the court concludes that [Chopra] did not prove his case by a preponderance of the evidence. Specifically, the evidence and testimony presented at the

4

hearing did not establish the exact value by which [Chopra's] car may have been diminished.

[Chopra] did submit an unsigned and unverified email from Steve Walker, a sales consultant at Ray Catena Auto Group in Edison, New Jersey, indicating that the value of [Chopra's] car had diminished by $6,500.00. After considering Mr. Walker's email, the court finds that, at best, it is speculative.

The evidence and testimony presented at the hearing established that Mr. Walker did not see or inspect [Chopra's] car before offering his opinion about the diminished value of the car. The evidence and testimony further established that Mr. Walker based his opinion on the value of the car based on what it may resell for in the New Jersey auto market. The evidence and testimony did not establish what the value of the car may be in the Indiana auto market.

Without credible evidence to establish the exact amount by which the value of [Chopra's] car may have been diminished, the court cannot find in his favor.

Appellant's App. p. 6-7.

Chopra now appeals.

## Standard of Review

Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). When we review claims tried by the bench without a jury, our court shall not set aside the judgment "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A).

This deferential standard of review is particularly important in small claims actions, where trials are informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law. But this deferential standard does not apply to the substantive rules of law, which are reviewed de novo just as they are in appeals from a court of general jurisdiction.

5

<u>Trinity Homes, LLC v. Fang</u>, 848 N.E.2d 1065, 1067-68 (Ind. 2006) (internal quotations and citations omitted).

We define the clearly erroneous standard based upon whether the party is appealing a negative or an adverse judgment. <u>Garling v. Ind. Dep't of Natural Res.</u>, 766 N.E.2d 409, 411 (Ind. Ct. App. 2002), <u>trans denied</u>. A negative judgment is one entered against a party who bears the burden of proof, while an adverse judgment is one entered against a party defending on a given question, i.e., one who does not bear the burden of proof. <u>Id</u>.

The ruling against Chopra is a negative judgment. Therefore, we will reverse the small claims court's judgment only if the evidence is without conflict and all reasonable inferences to be drawn from the evidence lead to a conclusion other than that reached by the trial court. <u>See</u> <u>Nodine v. McNerney</u>, 833 N.E.2d 57, 65 (Ind. Ct. App. 2005), <u>clarified on reh'g</u>, <u>trans. denied</u>. In determining whether a judgment is clearly erroneous, we do not reweigh the evidence or determine the credibility of witnesses, and we consider only the evidence supporting the judgment and the reasonable inferences to be drawn therefrom. <u>Councellor v. Ecenbarger</u>, Inc., 834 N.E.2d 1018, 1021 (Ind. Ct. App. 2005).

## Discussion and Decision

### I.      Damages Standard

Chopra first argues that the trial court applied an incorrect legal standard when it found that he failed to prove the "exact amount" of diminution damages. We agree. It is

well settled that a plaintiff need not prove with mathematical certainty the amount of damages suffered, but instead, must prove the amount of damages with "reasonable certainty." R & R Real Estate Co., LLC v. C & N Armstrong Farms, Ltd., 854 N.E.2d 365, 370 (Ind. Ct. App. 2006). Here, the trial court misstated the law and applied the incorrect legal standard when it found in its order that Chopra failed to prove the "exact amount" of damages suffered. This application of the wrong legal standard to properly found facts amounts to clear error. See Gared Holdings, LLC v. Best Bolt Products, Inc., 991 N.E.2d 1005, 1011 (Ind. Ct. App. 2013). Therefore, we conclude that the trial court committed clear error when it applied the wrong legal standard in its order of judgment against Chopra.

However, a trial court's error is harmless if the error did not substantially and adversely affect the rights of the complaining party such that the result was altered. See Miller v. Ryan, 706 N.E.2d 244, 248 (Ind. Ct. App. 2000). Here, the trial court's judgment in favor of Pendyala was not based solely on Chopra's failure to prove the exact amount by which his car had diminished in value. The court noted in its order that the primary evidence through which Chopra sought to establish the amount of damages was the email from Walker and that that email was too "speculative" to serve as a basis for awarding diminution damages. Appellant's Br. at 33. Specifically, the court noted that the email was neither signed nor verified, that Walker had not inspected or appraised the car after the accident, and that Walker's evaluation of the value of the vehicle was based on the auto market in New Jersey rather than in Indiana. Appellant's App. pp. 6-7.

7

This weighing of the evidence and the resulting conclusion that Chopra failed to meet his burden by presenting only speculative evidence as to the amount of diminution damages was sufficient to support the trial court's judgment in favor of Pendyala.  See Indiana Univ. v. Indiana Bonding & Sur. Co., 416 N.E.2d 1275, 1288 (Ind. Ct. App. 1981) (concluding that an award of compensatory damages must be supported by evidence which affords a legal basis for measuring the claimant's loss and that damages must be ascertainable in some manner other than by mere speculation, conjecture or surmise).  Therefore, we find no prejudice resulting from the trial court's incorrect application of the law.  See SSU Fed'n of Teachers, Local 4195, AFT v. Bd. of Directors, Madison Area Educ. Special Servs. Unit, 656 N.E.2d 832, 838 (Ind. Ct. App. 1995) (concluding that Education Employment Relations Board committed harmless error when it applied incorrect standard in determining whether educational special services unit's employment decisions involving teacher were pretext for actual intent to discriminate against teacher where findings of fact made by Board were sufficient to satisfy the correct standard); see also Battles v. State, 688 N.E.2d 1230, 1236 (Ind. 1997) (finding trial court's error in misapplying aggravating factor in sentencing to be harmless where defendant's criminal history by itself was sufficient to support enhanced sentence).

## II.    Rejection of Walker's Evaluation

Chopra next argues that the trial court erred when it rejected as speculative Walker's evaluation of the diminished value of Chopra's car.  It is the task of the trier of fact, not the reviewing court, to weigh the evidence, and "it is not an abuse of discretion for the trial court to choose one estimate of damages over another."  Davis v. Eagle

8

Products, Inc., 501 N.E.2d 1099, 1109 (Ind. Ct. App. 1986). Here, Chopra presented an email indicating that Walker, the sales consultant from whom Chopra purchased the car, believed the collision caused the value of the car to decrease by $6,500. After admitting the email, the trial court concluded that the evaluation contained in the email was too speculative to provide a basis for an award of damages.

We find no error here. The facts and circumstances before us indicate that the trial court exercised its considerable discretion to evaluate and weigh the evidence and to reach a conclusion regarding damages. This process is precisely the function that is at the heart of the trial court's role as trier of fact. Chopra's argument that the small claims court incorrectly rejected the evaluation of diminution damages contained in the email Chopra received from Walker is an invitation for us to reweigh the evidence, which we will not do. See Core Funding Grp., LLC v. Young, 792 N.E.2d 547, 550 (Ind. Ct. App. 2003).

### III. Exclusion of Tyler's Letter to Chopra

Finally, Chopra argues that the small claims court abused its discretion by excluding the October 18, 2012 letter he received from GEICO claims adjuster Ronald Tyler. Decisions regarding the admission or exclusion of evidence fall within the sound discretion of the small claims court, and its decision will be reversed only upon a showing of an abuse of that discretion. Elrod v. Brooks, 910 N.E.2d 231, 233 (Ind. Ct. App. 2009).

In accordance with Indiana Small Claims Rule 8(A), a small claims trial "shall be informal, with the sole objective of dispensing speedy justice between the parties

9

according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise." Thus, small claims actions are designed to be less formally structured than plenary proceedings. Matusky v. Sheffield Square Apartments, 654 N.E.2d 740, 742 (Ind. 1995). The reason for this relative informality is clear:

> There is no need for the imposition of formal rules of evidence because there is no jury hearing the case. A judge by training and practical experience is capable of determining the facts and issues involved in such matters when the litigants' evidence is relevant to the matters at issue whether or not such evidence conforms to the technical rules of evidence applicable in courts of general jurisdiction. This concept is nothing new to our law. Administrative agencies are not bound by technical rules of evidence. Small claims jurisdiction is limited. Small claims cases deal with simple, uncomplicated matters capable in the main of resolution by mathematical calculation. The system is designed to afford litigants speedy justice. Thus, the rules of evidence have been relaxed.

Pence v. Jarrett, 440 N.E.2d 723, 725-26 (Ind. Ct. App. 1982) (internal citations omitted).

It is evident, then, that in the small claims setting, all evidence is admissible, save the two designated exceptions for privileged communications and offers of compromise. Here, the trial court excluded the letter from Tyler because it contained communications between Chopra and GEICO, Pendyala's insurance company, stating, "there are three things I can't hear. And one of the things I can't hear is any discussion that you may have had with the insurance company." Tr. p. 12.

The letter in question contained communication between Chopra, a plaintiff and GEICO, the defendant's insurance company. This communication does not fall under any privilege. Furthermore, the letter contained no offer of compromise, but rather,

10

contained a firm statement that GEICO would not pay for any diminished value of Chopra's car. Therefore, we conclude that, pursuant to the relaxed evidentiary rules set forth in Indiana Small Claims Rule 8(a), the letter was admissible and the trial court abused its discretion by excluding it.

However, even though the trial court improperly excluded the letter Chopra received from Tyler, the error was harmless. We will reverse for the improper exclusion of evidence only if the appealing party can demonstrate prejudice. Indianapolis Podiatry, P.C. v. Efroymson, 720 N.E.2d 376, 383 (Ind. Ct. App. 1999), trans. denied, ("Erroneously excluded evidence requires reversal only if the error relates to a material matter or substantially affects the rights of the parties.").

Although the rules of practice and procedure are relaxed in small claims cases, each party bears the burden of proof on his claim and is responsible for providing evidence sufficient to sustain his burden. See Park Jefferson Apartments v. Storage Rentals, 738 N.E.2d 685, 688 (Ind. Ct. App. 2000). Here, the trial court specifically provided in its order that it found in favor of Pendyala because Chopra failed to present sufficient evidence to establish by a preponderance the extent to which his car had diminished in value. The letter Chopra received from Tyler provides no information as to the existence or amount of any alleged diminishment in value of Chopra's car, other than to deny Chopra's request to compensate him for any such diminishment. The letter, if admitted, would not have provided a basis for the trial court to determine with reasonable certainty the amount of diminished value of the vehicle. For all of these reasons, we conclude that the trial court's exclusion of the letter Chopra received from Tyler did not

11

affect Chopra's substantial rights and that, although the trial court erred in excluding the letter, the error was harmless.

## Conclusion

The trial court did not abuse its discretion in rejecting Walker's evaluation of the diminution in value of Chopra's car. The trial court erred in applying the wrong legal standard in its order of judgment in favor of Pendyala. It also abused its discretion in excluding the letter Chopra received from Walker. However, these errors were harmless. For all of these reasons, the trial court's judgment against Chopra was not clearly erroneous.

Affirmed.

BRADFORD, J., and PYLE, J., concur.