**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**GARY D. MILLER**
Jeffersonville, Indiana

ATTORNEY FOR APPELLEE:

**SHANE L. GIBSON**
Gibson Law Office, LLC
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN BROWN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 22A01-1111-SC-524 |
| | ) | |
| CHRIS GUINN, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FLOYD SUPERIOR COURT
The Honorable Daniel B. Burke, Jr., Magistrate
Cause No. 22D02-1108-SC-759

**June 25, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Steven Brown appeals the trial court's judgment for Chris Guinn on Guinn's complaint alleging breach of contract. Brown raises three issues for our review, which we restate as follows:

1. Whether the trial court abused its discretion when it denied his motion for involuntary dismissal;

2. Whether the trial court committed reversible error when it concluded that Brown was estopped from denying the term of the parties' lease contract; and

3. Whether the trial court's judgment is clearly erroneous.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In June of 2009 Brown and Guinn contracted for Brown to take possession of Guinn's 2003 Coronado truck ("the truck"). In addition to taking possession, Brown assumed Guinn's monthly payments on the truck to Daimler Truck Financial. The written contract did not contain a specific term or a specific amount of payment, but it did permit either party to cancel the contract at any time. Brown had drafted the contract.

In July, August, and September, Brown made the monthly payments on the truck pursuant to the contract. But he did not make those payments over the next three months, despite retaining possession of the truck. In January 2010, Daimler Truck Financial repossessed the truck while it was still in Brown's possession.

On August 9, 2011, Guinn filed his notice of claim against Brown. Guinn claimed that Brown had breached their contract when he did not pay Guinn's monthly payments between October and December of 2009 despite retaining possession of the truck. At the

2

ensuing bench trial, Guinn did not produce a copy of the contract but Brown admitted in his testimony that the contract had been made. In his defense, Brown testified that he had cancelled the contract at the end of August 2009 when he had an agreement to sell the truck to a third party, although that sale later fell through. On October 17, 2011, the court entered judgment for Guinn. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

Brown appeals from the trial court's judgment for Guinn. In such appeals, our standard of review is well established:

> In the appellate review of claims tried by the bench without a jury, the reviewing court shall not set aside the judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. City of Dunkirk Water and Sewage Dep't v. Hall, 657 N.E.2d 115, 116 (Ind. 1995) (stating standard of review in appeal from small claims court). In determining whether a judgment is clearly erroneous, we will not reweigh the evidence or determine the credibility of witnesses but will consider only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. Id.

> Small claims actions are "informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law." Ind. Small Claims Rule 8(A). Although the court here made special findings, the formal entry of special findings is "contrary to the policy announced in Small Claims Rules 8 and 11," which provide that small claims trials are informal and require only that small claims judgments "shall be reduced to writing." Bowman v. Kitchel, 644 N.E.2d 878, 879 (Ind. 1995) (quoting Ind. Small Claims Rule 11(A)).

Bennett v. Broderick, 858 N.E.2d 1044, 1047-48 (Ind. Ct. App. 2006); see also Councellor v. Ecenbarger, Inc., 834 N.E.2d 1018, 1021 (Ind. Ct. App. 2005).

**Issue One:  Motion for Involuntary Dismissal**

Brown first contends that the trial court's denial of his Trial Rule 41(B) motion for involuntary dismissal was clear error.  According to Trial Rule 41(B):

> After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief. . . .

A Trial Rule 41 motion to dismiss tests the sufficiency of the plaintiff's case in chief. See, e.g., Fielitz v. Allred, 173 Ind. App. 540, 542, 364 N.E.2d 786, 787 (1977).  Our review of the denial of the motion for involuntary dismissal is limited to an examination of the evidence most favorable to the nonmoving party that was presented prior to the filing of the motion.  See Williams v. State, 892 N.E.2d 666, 671 (Ind. Ct. App. 2008), trans. denied.

Brown argues that the trial court's denial of his Rule 41(B) motion was erroneous because Guinn had failed to produce the written contract that was the basis for his claim.  According to Brown, Guinn's failure to produce the contract required dismissal under Indiana Small Claims Rule 2(B)(4)(a) and Indiana Code Section 26-1-2.1-201(1).  Brown is mistaken.

Indiana Small Claims Rule 2(B)(4)(a) states that a notice of claim shall contain "a copy" of the "written contract" on which the claim is based.  This rule is analogous to Indiana Trial Rule 9.2(A), which states that, "[w]hen any pleading allowed . . . is founded on a written instrument, the original, or a copy thereof, must be included in or filed with the pleading."  However, it is well established that non-compliance with Rule 9.2(A) is

4

not a per se bar to the action. Rather, as stated in Rule 9.2(F): "The court, in its sound discretion, may order compliance . . . or allow the action to continue without further pleading." While the small claims rules do not contain a provision analogous to Trial Rule 9.2(F), "the Rules of Trial Procedure apply in small claims court unless the particular rule in question is inconsistent with something in the small claims rules." Bowman v. Kitchel, 644 N.E.2d 878, 879 (Ind. 1995). Trial Rule 9.2(F) is not inconsistent with Small Claims Rule 2(B)(4)(a). Therefore, the trial court acted within its discretion when it did not dismiss Guinn's action merely because he had failed to produce a copy of the written contract.

Indiana Code Section 26-1-2.1-201(1) also does not apply here. Under that statute:

> A lease contract is not enforceable by way of action or defense unless: . . . (b) there is a writing, signed by the party against whom enforcement is sought . . . sufficient to indicate that a lease contract has been made between the parties and to describe the goods leased and the lease term.

But subsection (4) of the statute limits subsection (1)'s application. According to subsection (4):

> A lease contract that does not satisfy the requirements of subsection (1), but which is valid in other respects, is enforceable: . . . (b) if the party against whom enforcement is sought admits in that party's pleading, testimony or otherwise in court that a lease contract was made, but the lease contract is not enforceable under this provision beyond the quantity of goods admitted . . . .

Ind. Code § 26-1-2.1-201(4).

Subsection (4) describes what happened in this case. While Guinn failed to produce a copy of the written lease contract, the contract is still enforceable because, in his testimony, Brown admitted that the contract had been made.

Brown attempts to ignore subsection (4) by focusing on the timing of his motion for involuntary dismissal, which occurred before his admission to the existence of the contract. But Guinn testified that a contract existed, and that testimony was sufficient to survive Brown's Trial Rule 41(B) motion. As the trial court stated, "Guinn's testimony is some proof." Transcript at 13. And Indiana Code Section 26-1-2.1-201 does not mandate dismissal of an action at the close of the plaintiff's case-in-chief simply because the plaintiff did not produce a written contract. Indeed, to hold otherwise would render subsection (4) a nullity. Thus, the court did not err when it denied Brown's motion for involuntary dismissal.

### Issue Two: Estoppel

Brown next contends that the trial court erroneously concluded that he was "estopped from denying . . . the term of the lease." Appellant's App. at 8. In its order, the trial court concluded as follows:

> [Brown] claims that [Guinn] was wrong in describing the length of the lease term but, having acknowledged the preparation of the lease and the possession of the same, and [Brown] having failed to introduce the lease in his possession into evidence[, he] is estopped from denying that the term of the lease was six (6) months as [Guinn] claimed in his testimony.

Id. On appeal, Brown states that there is no evidence to support the trial court's conclusion that he was in possession of the contract. As such, he continues, the court's

conclusion that he should be estopped from denying the purported term of the contract is erroneous.

Guinn does not dispute that there is no evidence in the record to support the trial court's conclusion that Brown was in possession of the contract. Nonetheless, we do not see how the court's statement, even if erroneous, is reversible error. While the parties disputed the length of the contract—Guinn testified that the contract was in effect for six months, while Brown testified that he had cancelled the contract after four months—both parties testified that the written contract did not state a term. See Transcript at 16 (Guinn's testimony), 27-28 (Brown's testimony).

Thus, even if one of the parties had submitted the written contract, the court's determination as to the length of the contract would still have been based on parol evidence, which, in turn, would have required the court to credit either Guinn or Brown and discredit the other. The judgment does not turn on whether Brown had the lease in his possession and failed to introduce the lease at trial but on the testimony of the parties, which we cannot reweigh on appeal. See Councellor, 834 N.E.2d at 1021. Indeed, it is clear that the court credited Guinn's testimony over Brown's as to the length of the lease.[1] As such, Brown cannot show reversible error on this issue.

---

[1] Brown also asserts that the trial court erroneously relied on Indiana Code Section 26-1-2.1-201(4) to justify its consideration of the parol evidence. In particular, Brown contends that the conflicting testimony demonstrated a lack of consideration and undermined the existence of the contract in the first place. As explained in Issue One, however, Brown expressly admitted that he had a contract with Guinn. We cannot ignore his admission on appeal. And insofar as Brown also states that the trial court erred in relying on Section 26-1-2.1-201(4) because it failed to consider "the quantity of goods admitted," we simply note that, two sentences later, Brown acknowledges that "[t]he quantity of goods was never an issue." Appellant's Br. at 12.

**Issue Three: Sufficiency of the Evidence**

Finally, Brown contends that Guinn failed to meet his burden of proof for his breach of contract claim. To prevail on a claim of breach of contract, the plaintiff must satisfy three elements: the existence of a contract, the defendant's breach of that contract, and damages. U.S. Fid. & Guar. Ins. Co. v. Hartson-Kennedy Cabinet Top Co., 857 N.E.2d 1033, 1039 (Ind. Ct. App. 2006). As discussed above, both sides testified that they had a contract; Guinn testified that Brown breached the contract when Brown failed to pay for three months despite retaining possession of the truck; and Guinn presented evidence of his damages as a result of Brown's breach.

Nonetheless, Brown argues that he "presented more than adequate evidence that any agreement between himself and Guinn was cancelled by Brown at his discretion," Appellant's Br. at 13; that he had "fulfilled any agreement with Guinn to make payments on Guinn's truck while the truck was in the possession of Brown," id. at 14; and that Guinn informed the court that he had "no issues with anything the defense has to say," id. at 15. Brown's first two arguments ignore the evidence most favorable to the judgment and, in effect, ask this court to reweigh the evidence, which we will not do. Councellor, 834 N.E.2d at 1021. Brown's third argument takes a statement by Guinn out of context. In the document Brown quotes, Guinn makes clear that his position was that, even if Brown's testimony were accurate, Brown was still liable to Guinn. See Appellant's App. at 5. Accordingly, Brown's arguments on appeal are without merit.

8

**Conclusion**

In sum, we hold that the trial court did not abuse its discretion when it denied Brown's motion for involuntary dismissal. We also hold that Brown has not demonstrated that the trial court's findings and conclusions are clearly erroneous. As such, we affirm the court's judgment.

Affirmed.

ROBB, C.J., and BAILEY, J., concur.