# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**CORNELIUS B. HAYES**
Fort Wayne, Indiana

**ANDREA R. TREVINO**
Bobilya Law Group LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE:

**PERRY D. SHILTS**
Shilts Law Office
Fort Wayne, Indiana



FILED
Sep 13 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CORTNEY L. SCHWARTZ, | ) |
| | ) |
| Appellant/Cross-Appellee/Respondent, | ) |
| | ) |
| vs. | ) No. 02A03-1109-DR-401 |
| | ) |
| JODI S. HEETER, | ) |
| | ) |
| Appellee/Cross-Appellant/Petitioner. | ) |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Thomas P. Boyer, Judge Pro Tempore
The Honorable Lori K. Morgan, Magistrate
Cause No. 02D07-0807-DR-474

**September 13, 2012**

**OPINION ON REHEARING - FOR PUBLICATION**

**BAILEY, Judge**

Cortney L. Schwartz ("Father") appealed the trial court's entry of summary judgment construing a "true up" provision relating to child support in the marital dissolution agreement he entered into with Jodi S. Heeter ("Mother"). Mother in her cross-appeal argued that she was entitled to reopen motions to modify Father's support obligations. We affirmed in part, reversed in part, and remanded. In doing so, we concluded that Mother waived her arguments on the motions for modification of support on appeal. Schwartz v. Heeter, 970 N.E.2d 197 (Ind. Ct. App. 2012). Mother now files her petition for rehearing, which we grant for the sole purpose of clarifying our holding on her motions for modification of support.

In our original decision we stated, "Mother has failed to comply with Appellate Rule 46(A)(8)," and thus waived the question of her motions to modify support. Id. at 205. We went on to "leave it to the trial court … to determine whether it will reconsider" its decision on those motions, which motions the court had previously denied. Id. We now clarify our decision, and specifically the conclusion, to state that we leave whether to reconsider the motions and hear evidence on them entirely to the discretion of the trial court. Mother is not entitled to reconsideration as a matter of right. With this clarification, we affirm our original decision in all other respects.

ROBB, C.J., and MATHIAS, J., concur.