## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 29 2015, 9:04 am

*Kevin J. Smith*

**CLERK**
of the supreme court, court of appeals and tax court

---

ATTORNEYS FOR APPELLANT

Ty M. Craver
Christopher D. Simpkins
Hill Fulwider, P.C.
Indianapolis, Indiana

---

## IN THE
# COURT OF APPEALS OF INDIANA

---

Kevin Chocklett,

*Appellant-Defendant,*

v.

Melanie Davison,

*Appellee-Plaintiff.*

June 29, 2015

Court of Appeals Cause No. 49A04-1410-PL-459

Appeal from the Marion Superior Court
Cause No. 49D10-1306-PL-23431

The Honorable David J. Dreyer, Judge

**Barnes, Judge.**

# Case Summary

[1] Kevin Chocklett appeals the trial court's entry of judgment in favor of Melanie Davison in the amount of $14,453.37. We reverse.

# Issue

[2] Chocklett raises three issues. We address only the dispositive issue, which we restate as whether the trial court properly denied Chocklett's motion for a directed verdict.

# Facts

[3] In 2012, Davison was in the process of remodeling her house in Indianapolis, and she hired Chocklett. She paid him $3,500.00, and he did some work at the house. Davison thought Chocklett was untimely and was unhappy with the quality of his work. Their relationship deteriorated, and Davison filed a notice of small claim in the Warren Township Marion County Small Claims Court. She alleged that Chocklett did not do $3,500.00 worth of work and that it cost her $5,616.37 to pay another contractor "to clean up his mess and finish the job." App. p. 24. Davison sought $5,000.00 in damages. After a hearing, the small claims court entered judgment in the amount of $5,000.00 against Chocklett.

[4] Chocklett appealed to the Marion Superior Court pursuant to the local rules. On June 11, 2013, the trial court ordered the case be repled within twenty days. Davison responded by filing a letter with the trial court stating she was suing Chocklett for $6,000.00. She explained that their contract was for $8,500.00,

that it cost of her $13,578.37 to pay other people to do the work, and that she had already paid Chocklett $3,500.00 but he did not do $3,500.00 worth of work. Chocklett counterclaimed for unjust enrichment.

[5] A bench trial was conducted, at which Davison appeared pro se. In support of her claim, several checks to various individuals and estimates from other contractors were admitted into evidence. During the hearing, the trial court attempted to clarify Davison's damages and summarized her request as $3,500.00 plus $13,875.00. She agreed, indicating her contract with Chocklett was for $8,500.00. Chocklett testified about the work he had done for Davison. At the conclusion of the trial, Chocklett moved for a directed verdict based on the absence of the written contract and the lack of evidence of damages. The trial court denied the motion.

[6] After the trial, the trial court found that Davison had proven her allegations and entered judgment for Davison in the amount of $14,453.37 on her claim— $13,578.37 for work and repairs and $875.00 for work yet to be completed. The trial court also found that Chocklett had proven his allegations and had done work in the amount of $3,500.00. Chocklett now appeals.

## Analysis

[7] As an initial matter, Davison has not filed an appellee's brief. "When an appellee fails to submit a brief, we do not undertake the burden of developing appellee's arguments, and we apply a less stringent standard of review." *Jenkins v. Jenkins*, 17 N.E.3d 350, 351 (Ind. Ct. App. 2014). We may reverse if

Chocklett establishes prima facie error, which is error at first sight, on first appearance, or on the face of it. *See id.* at 351-52. The prima facie error rule relieves us of the burden of controverting arguments advanced in favor of reversal where that burden properly rests with the appellee. *Id.* at 352.

[8] Chocklett moved for a directed verdict and, because this was a bench trial, it is properly reviewed as an Indiana Trial Rule 41(B) motion for involuntary dismissal. *See Bowyer v. Indiana Dep't of Natural Res.*, 944 N.E.2d 972, 981 n.10 (Ind. Ct. App. 2011). "A Trial Rule 41 motion to dismiss tests the sufficiency of the plaintiff's case in chief." *Brown v. Guinn*, 970 N.E.2d 192, 195 (Ind. Ct. App. 2012). "Our review of the denial of the motion for involuntary dismissal is limited to an examination of the evidence most favorable to the nonmoving party that was presented prior to the filing of the motion." *Id.*

[9] "To prevail on a claim of breach of contract, the plaintiff must satisfy three elements: the existence of a contract, the defendant's breach of that contract, and damages." *Id.* at 196. Davison did not produce the parties' written contract during the trial court proceedings. Even if there was a contract and Chocklett breached it, the evidence Davison presented is insufficient to establish that the breach caused $14,453.37 in damages.

[10] It is clear that the judgment was based on Davison's testimony about the cost of the entire project, not the actual loss that she suffered from Chocklett's purported breach. "A party's recovery for breach of contract is limited to the loss actually suffered, and the party may not be placed in a better position than

he or she would have enjoyed if the breach had not occurred." *Farah, LLC v. Architura Corp.*, 952 N.E.2d 328, 337 (Ind. Ct. App. 2011). By including the entire amount of project as the basis for Davison's damages, the trial court effectively ordered Chocklett to pay for the entire remodel. Thus, Davison was erroneously placed in a better position than if there had not been a breach.

Further, without the written contract or clear testimony from Davison regarding what the $8,500.00 contract with Chocklett included, it is not clear what work in excess of the $8,500.00 contract price was caused by Chocklett's breach. This is especially true when considering Davison's evidence that at least three other contractors were involved with the project from its inception to the time of trial. Thus, the increase in cost might have been attributable to another's error, changes in the scope of the project, or problems encountered during construction. Davison simply failed to present evidence regarding what damages were attributable to Chocklett's alleged breach. Chocklett has shown prima facie error in the denial of his motion for directed verdict.

## Conclusion

Because there is not sufficient evidence that Chocklett's purported breach caused Davison's damages, Chocklett has made a prima facie showing that the trial court improperly denied his motion for directed verdict. We reverse.

Reversed.

Pyle, J., concurs.

May, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin Chocklett,

*Appellant-Defendant,*

v.

Melanie Davison,

*Appellee-Plaintiff.*

Court of Appeals Cause No.
49A04-1410-PL-459

**May, Judge, dissenting.**

While I agree with the majority's determination that the trial court "erroneously placed [Davison] in a better position than if there had not been a breach," Slip op. at 5,[1] I must respectfully dissent from the reversal of the judgment in favor of Davison because I believe she presented sufficient evidence to withstand a motion for directed verdict.

A motion for a directed verdict should be granted only where there is a complete failure of proof -- that is, where there is no substantial evidence or reasonable inference from the evidence supporting an essential element of the

---

[1] The trial court awarded Davison the full amount she testified she paid other contractors to complete the contracted work. The court should have deducted the amount Davison had not yet paid Chocklett, which was $5000.00, because the damage caused by Chocklett's breach included only those amounts Davison paid in addition to the $8,500.00 she would have paid to Chocklett to complete the work. *See, e.g., Berkel & Co. Contractors, Inc. v. Palm & Associates, Inc.*, 814 N.E.2d 649, 658 (Ind. Ct. App. 2004) ("A party injured by a breach of contract may recover the benefit of the bargain.").

claim.  *First Bank & Trust Co. of Clay Cnty. v. Bunch*, 460 N.E.2d 517, 518-19 (Ind. Ct. App. 1984), *reh'g denied*.  There was not a "complete failure of proof" of Davison's claim.

[17]     The majority holds Davison "failed to present evidence regarding what damages were attributable to Chocklett's alleged breach."  (Slip op. at 5.) While Davison did not formally admit into evidence the contract and list of tasks to be completed, she did testify about her damages and she referred to those documents during her testimony.[2]  (Tr. at 17.)  She also discussed a number of tasks Chocklett did not finish.  (*See*, *e.g.*, *id*. (discussing the bay window and bathroom subfloor).)  Davison testified she had to pay over $13,000.00 for others to complete the work, (*id*. at 16), and she still owed $875.00 for flooring.  (*Id*.)  She also explained that she "had various people

---

[2] Although she did not admit those two documents into evidence, they do appear in the Record before us. (Supp. App. at 8 & 9.) Chocklett initially filed an Appendix that contained incomplete copies of some pleadings, and we ordered him to file a supplemental appendix that contained complete copies. When he submitted that Supplemental Appendix, we found the contract and task list therein, as they had been attachments to the "letter dated June 21, 2013," (Supp. App. at 2), that Davison submitted as her required re-pleading in Superior Court.

In light of the fact that Davison had additional evidence that she discussed but did not formally offer into evidence, one must wonder how the final result of this legal proceeding might have been different if it had not arisen in Marion County. Davison filed her claim in small claims court, which is intended to be "informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law," without parties being required to follow formal rules of legal practice and procedure. *See* Ind. Small Claims Rule 8(A). After the Small Claims Court rendered judgment in Davison's favor, Chocklett requested an appeal. That moved the cause to Marion Superior Court for a trial "*de novo*," Ind. Code § 33-34-3-15(a) (2011), during which parties had to follow all procedural and practice rules of Superior Court. *See* Ind. Code § 33-34-3-15(b) (2011). This is the process for appeal of a small claims court decision in Marion County because, until July 1, 2018, a small claims court in Marion County is not a "court of record," Ind. Code § 33-34-1-3 (2004), *and see* Ind. Code § 33-34-1-3(a) (2015). Therefore, an appeal of a Marion County small claims judgment may not be brought directly to the Court of Appeals. *But see* Ind. Code § 33-34-1-3(b) (2015) (after June 30, 2018, small claims courts of Marion County will be courts of record, and judgments thereof will be appealable to the Court of Appeals).

come in to try to finish the job" because "they were skilled at different things um . . . for example Mr. Baker he doesn't do drywall so I had to get somebody else to do drywall . . . ." (*Id.* at 15.) She also testified Chocklett erroneously tore out alarm wiring, (*id.* at 18), "broke the curtain," (*id.*), and installed a footer beam in a way that required furnace duct-work to be re-run. Based on the evidence and inferences in Davison's favor that could be drawn therefrom, I would not hold there was a "complete failure of proof" of her claim.

[18] Because I would hold Davison presented sufficient evidence of damages attributable to Chocklett to withstand a motion for directed verdict, I must respectfully dissent.