Fran MATUSKY and George Matusky, Appellants (Defendants Below),

v.

SHEFFIELD SQUARE APARTMENTS, Appellee (Plaintiff Below).

No. 22S04–9508–CV–976.

Supreme Court of Indiana.

Aug. 17, 1995.

Anne Marie Sedwick, New Albany, for appellants.

Don E. Williams, Louisville, for appellee.

SHEPARD, Chief Justice.

Though appellants Fran and George Matusky acknowledge that hearsay evidence is admissible in small claims court, they maintain that more reliable evidence must support each element of a small claims award. We disagree, concluding that the small claims rules mean that all lawsuits are not created equal.

The Matuskys rented an apartment from appellee Sheffield Square Apartments from late 1987 through August 1992. After the Matuskys moved out, Sheffield Square kept their security deposit and sued them in small claims court to recover for damage to the apartment in excess of the security deposit. It also sought to collect unpaid rent. The Matuskys counter-sued for the return of their security deposit and attorney fees. The present dispute does not involve the extent of any damage to the apartment. Rather, the Matuskys claim that Sheffield Square's failure to comply with Indiana landlord/tenant laws required it to return the Matuskys' deposit regardless of any damage they may have caused.

■ Resolution of this case centers on Indiana Code § 32–7–5–12 (1993). It requires a landlord to mail to the departed tenant an itemized list of damages claimed against the security deposit within forty-five days of the termination of the lease; a landlord who fails to deliver such a notice must return the whole deposit.[1] The Matuskys claim that they did not receive any notice of Sheffield Square's damage claim until the summons and complaint reached them on November 24, 1992, well beyond the statutory deadline. At that point, they remitted the back rent and requested an itemized list of damages. Sheffield Square first supplied that list, say the Matuskys, with a letter dated January 19, 1993.

Sheffield Square, however, maintains that its agent sent the Matuskys an itemized list of damages claimed against the security deposit within the forty-five day period. To support this contention, Sheffield Square introduced an affidavit at trial from Linda Porter, an employee in the office of Sheffield Square's corporate parent. In the affidavit, Ms. Porter attested that she received a completed inspection checklist from the managing agent and mailed a summary of that checklist to the Matuskys on September 24, 1992, within the forty-five day deadline. The trial court found this sufficient evidence of compliance with § 32–7–5–14 and awarded Sheffield Square a judgment for $690.

The Matuskys appealed, arguing that the trial court erroneously relied on the affidavit, which was hearsay, in awarding the judgment to Sheffield Square. A divided Court of Appeals affirmed. *Matusky v. Sheffield Square Apartments* (1994), Ind.App., 639 N.E.2d 336. We grant transfer.

■ The Matuskys acknowledge that our Small Claims Rule 8(B) states that "[a]ll testimony shall be given under oath *or affirmation.*" (emphasis added) Their lawyer presents very capable argument, however, on an interesting legal issue we have never addressed. She contends that when the *only* evidence supporting an essential element of a claim would ordinarily be incompetent, it cannot on its own sustain the claim, even though it is admissible under small claims rules. She argues that, excluding the hearsay, there must be some remainder, or residue, of competent evidence on which the outcome is based. She notes that we have struck down administrative awards based solely on incompetent evidence under this "Residuum Rule." *See, e.g., CTS Corp v. Schoulton* (1978), 270 Ind. 34, 383 N.E.2d 293. Counsel argues that we should extend the rule to cases decided in small claims court. We decline.

■ Hearsay is a statement made out of court which is offered into evidence to prove the facts as represented by the statement. Ind. Evidence Rule 801(c). The case at bar certainly presents a classic example of hearsay: To prove that Sheffield Square mailed the Matuskys a list of damages claimed against the security deposit, Sheffield sought

---

1. A tenant who must sue for the return of a deposit is also entitled to reasonable attorneys fees. Ind.Code Ann. § 32–7–5–12(b) (Burns 1995).

to introduce Porter's out-of-court statement so attesting.

■ There are various exceptions to the evidentiary rule prohibiting hearsay, as well as examples of statements made out of court which are not hearsay. Evid.R. 801(d), 803, 804. In the absence of a hearsay exception, however, hearsay is regarded as inherently unreliable for use in plenary actions, and the trier of fact may not consider the evidence. As we noted in *CTS*, such "time tested and honored rules of evidence" retain their validity in administrative tribunals. 270 Ind. at 39, 383 N.E.2d at 296. The Matuskys maintain that the inherent unreliability of hearsay likewise militates against its use supporting one element of a small claims award. We think the differences between administrative proceedings and small claims trials are such that their analogous treatment is not warranted here.

■ Like administrative proceedings, small claims actions are designed to be less formally structured than plenary proceedings.[2] Though they share a less rule-bound approach, important distinctions nevertheless remain between the two. Expeditious resolution, so essential to the efficacy and attractiveness of the optional small claims process, is not the primary goal of administrative actions. In fact, the whole point of having a separate small claims process is to provide a quick, less expensive alternative to a full-blown trial. It is precisely these goals which would be most compromised by the accretion of procedural and evidentiary regulations, regardless of their merit, which is why the non-substantive rules applicable in small claims proceedings are few indeed.[3]

The jurisdiction of the small claims court is statutorily limited based on the dollar value of the claim; as the name suggests, it is only an option for litigants with relatively *small* claims. Administrative proceedings, on the other hand, do not hinge on the amount of money at issue, and not infrequently involve millions of dollars. Furthermore, parties to an administrative proceeding tend to have no choice in the venue; they do not enjoy the options open to civil litigants (plenary docket versus small claims docket; circuit, superior, or county court; bench trial versus jury trial).

The importance of limiting a fact-finder's exposure to suspect evidence increases with the importance of what is at stake. This interest is reflected in the jurisdictional limit placed on the small claims docket, which has the effect of directing parties with more substantial matters to the plenary docket, in which all of the full panoply of procedural protections pertain.

■ Just as we limit to modest claims the hearing of such evidence as hearsay, we do not wish to encumber summary proceedings in small claims court with the more formal rules which prevail in administrative law and on the civil docket. To preserve the simplicity of proceedings in small claims court, we decline to adopt the Residuum Rule for use in such actions.

The trial court here properly considered the affidavit, and we accordingly affirm the judgment.

DeBRULER, DICKSON, SULLIVAN and SELBY, JJ., concur.

---

**2.** The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise. Ind. Small Claims Rule 8(A).

