Jackie **FORTNER**, Appellant–Defendant,

v.

**FARM VALLEY–APPLEWOOD APARTMENTS**, Appellee–Plaintiff.

No. 20A03–0806–CV–314.

Court of Appeals of Indiana.

Dec. 19, 2008.

Kent Hull, Indiana Legal Services, Inc., South Bend, IN, Attorney for Appellant.

Randy J. Spitaels, Kindig & Sloat, PC, Nappanee, IN, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Jackie Fortner appeals the judgment of eviction and damage award entered in favor of appellee-plaintiff Farm Valley–Applewood Apartments (Farm Valley). Specifically, Fortner argues that the notice of eviction she received from Farm Valley was inadequate and Farm Valley's failure to follow certain grievance procedures violated her right to procedural due process. Moreover, Fortner contends that the evidence presented at trial did not support the judgment of eviction and damage award. Farm Valley cross-appeals, claiming that the trial court improperly limited the amount of attorney's fees to which it was entitled.

We conclude that the eviction order and damage award were supported by the evidence. However, we also find that the trial court erred in determining the amount of attorney's fees that Fortner was obligated to pay to Farm Valley. Thus, we affirm in part, reverse in part, and remand this cause with instructions that the trial court conduct a hearing to determine the reasonableness of the fees and award such fees in an amount not to exceed $3,335.04.

## FACTS

Farm Valley entered into a contract with the United States Department of Agriculture Rural Development Administration (RDA), which obligated Farm Valley, in exchange for receiving funds from RDA, to provide housing to qualified low-income tenants. On March 1, 2002, Fortner signed a lease with Farm Valley to rent an apartment in Nappanee. Fortner placed her initials next to the following provisions of the lease:

> I agree I must immediately notify the Landlord when there is a change in my gross income or adjustment to income. I understand my rent or benefits may be affected as a result of this information. I also understand that failure to report such changes may result in my losing benefits to which I may be entitled or may result in the Landlord taking corrective action if benefits are mistakenly received. I understand the corrective action the Landlord may take includes the initiation of a demand for repayment of benefits or rental subsidies improperly received ... or initiation of a notice of termination

> . . . .

> I understand that should I receive occupancy benefits to which I am not entitled due to my/our failure to provide information or due to incorrect information provided by me or in my behalf by others, or for any household member, I may be required to make restitution and I agree to repay any amount of benefits to which I was not entitled.

Appellant's App. p. 63–64, 243–44. Another paragraph in the lease stated that "the providing of false information upon the Application or in or as part of this Lease" constitutes a default. *Id.* at 72–73, 239. The lease also provided for the recovery of attorney's fees and costs of collection by Farm Valley if it prevailed "on any action to enforce the provisions of [the] lease,

including, without limitation, the payment of ... rent or other charges when due." *Id.* at 239.

On April 21, 2006, Kimberly Higgins, the property manager for Farm Valley, prepared and served Fortner with a Notice to Vacate (Notice) the premises. The Notice requested that Fortner vacate her apartment by May 21, 2006, because of her "failure to [r]eport total income" and "providing false/forged information." *Id.* at 74, 251. Fortner appeared pro se at the immediate possession hearing, which was held on June 1, 2006. At that time, Fortner agreed to surrender possession of the apartment.

Thereafter, when Fortner refused to vacate the premises, Farm Valley brought a small claims action to evict Fortner and collect back rent. The complaint requested judgment in the amount of $3269.96, which represented the amount that Fortner owed for unpaid rent and damages to the apartment. Fortner then retained legal counsel and answered Farm Valley's complaint, asserting setoffs and affirmative defenses.

Prior to trial, Farm Valley requested an award "of reasonable attorney fees" in addition to damages. *Id.* at 202. At the trial, which commenced on April 10, 2007, Farm Valley made an additional request for attorney's fees. Fortner agreed that Farm Valley's counsel would submit an affidavit after the trial setting forth the amount of requested attorney fees. Fortner also reserved the right to object to the amount of attorney's fees that Farm Valley claimed.

On May 15, 2007, Farm Valley filed its attorney fee affidavit along with its closing argument. Farm Valley's counsel averred that a reasonable award of attorney fees and expenses in the case was $4,269.60. Although Fortner obtained an extension of time to file her closing argument and the

trial court did not enter judgment on Farm Valley's complaint for six months after the trial was held, she did not object to the requested attorney's fees.

On October 17, 2007, the trial court entered judgment for Farm Valley as follows:

3. Fortner was required under the terms of the lease and applicable law to submit various proofs of her income and financial situation from time to time. As part of this requirement, the magistrate finds that in 2005 the defendant submitted Plaintiff's Exhibit 3 to the plaintiff, which is found to be a forged document purporting to show that she was attempting to pursue child support but was not currently successful in that effort, when in fact the defendant was receiving child support during the relevant time period. The submission of the forged document resulted in a lower contribution amount toward her monthly rent.

4. The plaintiff later discovered the forged nature of Exhibit 3, and determined there were other inaccuracies in the calculation of the defendant's contribution amount toward her monthly rent.... The notice to vacate and the content of the small claim filing each appear to comply with federal and state requirements for notice of the nature of the allegations against the defendant, and other details such as time periods and opportunity to respond. The defendant vacated the premises by June 1, 2006.

5. In this situation of the allegation of use of a forged document by the defendant as a basis for calculation of her contribution amount toward the rent, a grievance process does not apply.

6. In addition to a calculation of additional sums of rent due, the evidence

supports recovery for a minor amount of physical damage to lights and screens in the sum of $119.96. Based on calculations with true and accurate data, additional payment toward rent is due from the defendant in the sum of $2,950.00. There is credit for the security deposit in the sum of $380.00. Damages are therefore proven in the sum of $2664.96.

7. The plaintiff is entitled to recover reasonable attorney fees under the terms of the lease. The plaintiff's submissions would support a recovery of attorney fees in excess of $4,500.00. As a matter of due process, and the resulting policy of this Court, since the plaintiff has filed its claim for judgment of $4,000.00, the Court will not award judgment in excess of the claim.

The Court enters judgment for the plaintiff in the sum of $4,000.00, plus costs. Appellant's App. p. 7–8. Fortner now appeals.

## DISCUSSION AND DECISION

### I. Adequacy of Notice and Grievance Procedures

■ Fortner contends that the judgment must be set aside because the "lease and contractual terms which Farm Valley seeks to enforce against [her] are illegal." Appellant's Br. p. 2. More specifically, Fortner maintains that she was not afforded a grievance procedure pursuant to 7 C.F.R. § 3560.160 and Farm Valley's Notice to vacate the premises did not comply with procedural due process requirements.

In addressing these contentions, we note that 7 C.F.R. § 3560.160 pertains to tenant grievances. More particularly, 7 C.F.R. § 3560.160(b)(1) applies to "a borrower action regarding housing project operations, or the failure to act, that adversely affects tenants or prospective tenants." The borrower is also required to post notice of the grievance procedure so that tenants are aware of their rights. 7 C.F.R. § 3560.160(c)(e).

In this case, Fortner asserts that the judgment must be set aside because Higgins acknowledged that Farm Valley did not employ a grievance procedure before instituting the eviction action. Thus, Fortner contends that she was denied her procedural due process rights. Notwithstanding this contention, we note that another regulation, 7 C.F.R. § 3560.160(b)(2)(v), states that the provisions regarding grievance procedures do not apply to "[l]ease violations by the tenant that would result in the termination of tenancy and eviction." Thus, Fortner's claim that she was not given proper notice and was denied the right to due process because a grievance procedure was not followed, fails.

■ Finally, even assuming solely for argument's sake that the grievance procedure regulation applied in this instance, the record shows that Higgins requested a site investigation from RDA of the Farm Valley complex. Appellant's App. p. 184–85, 255. Randy Ihnken, the area director for RDA, and Dena Downham, the program analysis and civil rights coordinator for that agency, both visited the Farm Valley on June 2, 2006. *Id.*

In a letter dated June 9, 2006, Ihnen stated that he "found no evidence where it appears that the tenant, Ms. Fortner, was harassed, discriminated against, or her rights to housing under the federal program were not followed." *Id.* at 184–86, 256. Ihnen concluded that "[t]he Notice to Vacate was properly executed in accordance with the current Rural Development regulations 7 CFR 3560.160(b)(2)(v)." *Id.* at 256. Therefore, even assuming that the regulations regarding the grievance procedures applied in this instance, Ihnen's determination that Farm Valley's Notice to Fortner was not defective, further defeats

Fortner's contention that she was denied the right to procedural due process.

## II. Proof of Eviction

■ Fortner next claims that the trial court's eviction order and damage award must be set aside because Farm Valley failed to establish by a preponderance of the evidence that she breached the lease. Fortner claims that the "judgment below cannot be supported on the evidence offered by Farm Valley, even under the deference ordinarily accorded by this Court to Small Claims judgments." Appellant's Br. p. 2.

In resolving this issue, we initially observe that the trial court's judgment is reviewed under a "clear error" standard. *Lowery v. Housing Auth.*, 826 N.E.2d 685, 688 (Ind.Ct.App.2005). A judgment in favor of a party having the burden of proof will be affirmed if the evidence was such that a reasonable trier of fact could conclude that the elements of the claim were established by a preponderance of the evidence. *Id.* This court gives due deference to the trial court's opportunity to judge the credibility of the witnesses, does not reweigh the evidence, and considers only the evidence and reasonable inferences therefrom that support the trial court's judgment. *Id.*

■ A deferential standard of review is particularly appropriate in small claims actions. *Id.* In accordance with Indiana Small Claims Rule 8(A), a small claims trial "shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise." Thus, small claims actions are designed to be less formally structured than plenary proceedings. *Matusky v. Sheffield Square Apartments*, 654 N.E.2d 740, 742 (Ind. 1995). Hearsay evidence is admissible in small claims actions, and expeditious resolution is essential to the efficacy and attractiveness of the optional small claims process. *Id.*

At trial, Higgins testified that Fortner executed a "Tenant Certification" of income on April 18, 2005, for a May 1, 2005, "recertification." Appellant's App. p. 15, 39–40, 219–20. The evidence showed that Fortner represented in the purported certification that she was receiving unemployment compensation benefits in the amount of $140 per week for 52 weeks. *Id.* However, Fortner maintained that she did not know what the $7,280 figure in the April 18, 2005, Tenant Certification included. *Id.* at 142–46.

The evidence also established that the certification Fortner signed on April 18 did not include any of the $3,161.14 in employment income that she had earned from the Monaco Coach Corporation during the first quarter of 2005. *Id.* at 17, 20, 48–49, 202, 206, 211–18. That document also did not include child support payments in the amount of $2,426.62 that Fortner had received. Moreover, despite the fact that Fortner's unemployment compensation benefits increased and the fact that she continued to receive child support payments through the remainder of 2005 after she signed the tenant certification, she nonetheless signed a subsequent tenant certification on February 1, 2006, representing that her income remained at $7,280. *Id.* at 17, 35–36, 45–46, 48–49, 50–51, 202, 211–18, 223–25, 226–27.

It was also established that Fortner submitted a false document to Farm Valley that was dated March 29, 2005, regarding child support payments. *Id.* at 21, 27, 163–68, 206–07, 209–10, 254. More particularly, Farm Valley demonstrated that

Fortner had altered the date of the form from 2004 to 2005. *Id.* at 163–68, 209, 254.

■ As a result of Fortner's failure to disclose all of her income to Farm Valley, the evidence demonstrated that she paid $250 less than she should have in monthly rent from May 1, 2005, to and including May 1, 2006. *Id.* at 17–18, 65–70, 247–50. Thus, it was established that Fortner owed additional rent in the amount of $2,925. *Id.* at 18, 202. Farm Valley also established that Fortner owed $119.96 for damage to the leased premises, thus bringing the total amount she owed to Farm Valley to $2,664.96, which included a credit for a $380 security deposit that Fortner had paid. *Id.*

Although Fortner contends that Farm Valley's case was based primarily on hearsay evidence, we note that our Supreme Court in *Matusky* specifically allows for the admission of such evidence in small claims actions. 654 N.E.2d at 742. Had Fortner not desired Farm Valley's claims to be decided upon hearsay evidence, she could have requested a jury trial and had the matter transferred to the plenary docket. Ind. Small Claims Rule 2(B)(10).

Finally, Fortner argues that the judgment must be set aside because (1) the evidence suggesting that she engaged in a "scheme" to "hide or lie about" her income is "highly improbable;" and (2) Farm Valley presented the testimony of only one witness while she presented the testimony of her son and a friend. Appellant's Br. p. 5–6. These arguments are simply requests to reweigh the evidence, which we must decline. *Lowery,* 826 N.E.2d at 688. As a result, we find that the evidence was sufficient to support the trial court's judgment of eviction and the award of damages.

### III. Award of Attorney's Fees

■ Farm Valley cross-appeals, claiming that the trial court erred in limiting the amount of attorney's fees that it awarded. Specifically, Farm Valley maintains that its due process rights were violated because the trial court denied it the opportunity to be "heard" on the issue of attorney's fees. Thus, Farm Valley argues that the trial court improperly reduced the amount of its requested attorney's fees from $4,269.60 to $1,335. Appellee's Br. p. 9–10.

As discussed above, the lease agreement required Fortner to pay attorney's fees and costs of collection if Farm Valley prevailed in the action against her. Appellant's App. p. 72–73, 239. Approximately five months before trial, Farm Valley responded to Fortner's request for discovery and claimed that it was entitled to an award of reasonable attorney's fees in addition to rent and damages. *Id.* at 202. By agreement of the parties, Farm Valley's counsel filed an affidavit on May 15, 2007, requesting an award of attorney's fees in the amount of $4,269.60. It was also understood that Fortner reserved the right to object to the amount of attorney's fees that Farm Valley sought. Appellant's App. p. 112.

Thereafter, Fortner obtained an extension of time in which to file her closing argument. *Id.* at 4–5. Although Fortner submitted a closing statement, she did not object to Farm Valley's attorney fee request. On October 17, 2007, the trial court awarded judgment in Farm Valley's favor as follows:

6. Damages are . . . proven in the sum of $2664.96.

7. The plaintiff is entitled to recover reasonable attorney fees under the terms of the lease. *The plaintiff's submission would support a recovery of attorney fees in excess of*

*$4500. As a matter of due process, and the resulting policy of this Court, since the plaintiff has filed its claim for judgment of $4000.00, the Court will not award judgment in excess of the claim.*

. . .

*The Court enters judgment for the plaintiff in the sum of $4,000.00 plus costs.*

Appellant's App. p. 7–8 (emphasis added).

In reviewing the evidence presented at trial and considering the parties' agreement allowing Farm Valley to submit a subsequent request and affidavit for attorney's fees, we cannot agree with the trial court's rationale in entering a total judgment in the amount of $4,000 and its implicit reduction of Farm Valley's request for attorney's fees—to which Fortner did not object—from $4,269 to $1,335.04.[1] Indeed, the trial court had jurisdiction to enter a judgment amount not to exceed $6,000. Ind.Code § 33–28–3–4. As discussed above, the trial court entered a damage award against Fortner and apparently considered Farm Valley's request and affidavit in support of attorney's fees. Although the trial court specifically found that Farm Valley's "submissions would support a recovery of attorney fees in excess of $4,500," appellant's App. p. 8, we note that the record before us is insufficient to determine the reasonableness of the requested fees. Although Fortner did not object to the proposed request for attorney's fees, there is nothing before us establishing the number of hours that counsel for Farm Valley spent on the case or the hourly rate that was charged. Indeed, the hours worked and the rate charged are a common starting point for determining the reasonableness of a fee. See In re Estate of Inlow, 735 N.E.2d 240, 257 (Ind.Ct.App.2000) (describing the lodestar method of calculating reasonable attorney fees).

As a result, because the rationale that the trial court set forth in reducing the requested attorney's fees is insufficient, the attorney fee award cannot stand. Therefore, we remand this cause to the trial court to conduct a hearing to determine the reasonableness of the fees and to award such fees in an amount not to exceed $3,335.04, which represents the difference between the small claims jurisdictional limit ($6,000) and the damage award of $2,664.96.

The judgment of the trial court is affirmed in part, reversed in part, and remanded.

NAJAM, J., and KIRSCH, J., concur.

---

1. $1,335.04 is the difference between the total judgment award of $4,000 and the $2,664.96 in damages that Fortner was ordered to pay.