**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**ANN GINDA**
Indiana Legal Services, Inc.
Lafayette, Indiana

**CYNTHIA PHILLIPS SMITH**
Law Office of Cynthia P. Smith
Lafayette, Indiana

ATTORNEY FOR APPELLEE:

**WAYNE T. SZULKOWSKI**
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| SHARNIECE CRUMP, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )    No. 79A02-1308-SC-674 |
| | ) |
| CLAYSTONE AT THE CROSSING, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Gregory J. Donat, Judge
Cause No. 79D04-1307-SC-2961

**January 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

During the evening of June 4, 2013, Officer Ransom of the Lafayette Police Department was dispatched to the apartment of Appellant-Defendant Sharniece Crump. Crump's apartment was located in the Appellee-Plaintiff Claystone at the Crossing ("Claystone") apartment complex. When Officer Ransom arrived at Crump's apartment he detected the odor of recently burnt marijuana emanating from the apartment and observed smoke lingering in the air. Two of Crump's guests informed Officer Ransom that they had smoked marijuana in the apartment. After receiving notice of the June 4, 2013 incident, Claystone, which had a strict policy against drug use within the apartment complex, initiated the eviction process. Crump was notified that she was being evicted for unlawful acts that occurred in her apartment, specifically drug use. Crump requested and received a review hearing, after which she was notified that the eviction determination was upheld. Claystone then initiated eviction proceedings in the small claims court. On July 24, 2013, the small claims court upheld the eviction determination.

On appeal, Crump raises numerous issues which we restate as follows: (1) whether Crump's right to due process was violated; (2) whether the small claims court abused its discretion in denying Crump's discovery request and request for a continuance of the hearing; and (3) whether the small claims court erred in upholding the eviction determination. We affirm.

## FACTS AND PROCEDURAL HISTORY

2

Claystone offers low income apartments in Lafayette in conjunction with the Department of Housing and Urban Development ("HUD"). Beginning November 28, 2012, Crump leased an apartment at Claystone. In accepting housing assistance from HUD, Crump agreed to a number of terms in her lease, including that she, members of her household, and her guests would not engage in criminal activity in her apartment.[1]

At 10:46 p.m. on June 4, 2013, Officer Ransom was dispatched to Crump's apartment after the Lafayette Police Department received a noise complaint. Upon arriving at Claystone and when he was three to four apartments from Crump's apartment, Officer Ransom heard music and yelling coming from Crump's apartment. After Officer Ransom knocked on the apartment door, Crump answered and identified herself as Reshita Storm. Officer Ransom noticed the odor of recently burnt marijuana emanating from the apartment and observed smoke lingering in the air.

When Crump attempted to deny Officer Ransom admittance to the apartment, Officer Ransom asked the two males sitting inside to come outside and talk to him. The two men complied with this request. While outside talking to Officer Ransom, the two men were identified as Shawn Walker and Victor Hurd. Walker and Hurd admitted to Officer Ransom that they had smoked marijuana in Crump's apartment earlier that day. Officer Ransom asked the men to leave and warned them that they would be guilty of trespassing if they returned to Claystone. Officer Ransom subsequently completed an incident report detailing

---

[1] In challenging her eviction on appeal, Crump asserts that eviction from her apartment for a violation of the terms of her lease agreement could potentially impact her ability to qualify for housing assistance from HUD in the future.

the events that occurred at Crump's apartment. The incident report was later sent to Claystone's management.

Michelle Stern, property manager for Claystone, received Officer Ransom's incident report on either June 6, 2013, or June 7, 2013. On June 7, 2013, after receiving the incident report, Stern sent Crump a letter notifying Crump that she was in violation of the terms of her lease because her guests "conducted criminal activity on the grounds as was observed by [a] Lafayette Police Department officer." Ex. B. The letter explained that Claystone was terminating Crum's lease agreement pursuant to section 23, subsection C of the lease agreement which provides as follows:

> The Landlord may terminate this Agreement for the following reasons:
> ****
> 6. criminal activity by a Tenant, any member of the Tenant's household, a guest or another person under the Tenant's control:
> a. that threatens the health, safety, or right to peaceful enjoyment of the premises by other residents
> ****
> 10. if the Landlord determines that the Tenant, any member of the Tenant's household, a guest or another person under the Tenant's control has engaged in the criminal activity, regardless of whether the Tenant, any member of the Tenant's household, a guest or another person under the Tenant's control has been arrested or convicted for such activity.

Appellant's App. pp. 14-15. The letter further explained that Crump could request a review hearing within ten days of receipt of the letter. Crump made a timely request for a review hearing. Prior to the review hearing, which was scheduled for June 14, 2013, Crump sent a letter to Claystone explaining that she was aware of the noise violation and the drug use that occurred in her apartment.

4

On June 14, 2013, Crump met with Stern and Ross Loyal, a compliance director with Claystone's parent company, to discuss the termination of Crump's lease. During the review hearing, Loyal provided Crump with the incident report filed by Officer Ransom. Crump admitted that she knew that Walker and Hurd had smoked marijuana in her apartment on June 4, 2013. Crump also admitted that she knew that she was responsible for the behavior of her guests and that drug use by her guests could result in the termination of her lease. Crump did not deny any of the statements contained in the incident report and did not complain about having insufficient information to prepare for the June 14, 2013 review hearing. She merely requested that her lease not be terminated and that she be given another chance. Crump left the copy of the incident report given to her by Loyal when she left the review meeting.

Following the conclusion of the review hearing, Stern and Loyal determined that Crump was in violation of the terms of her lease agreement, Crump knew she was violation of the terms of her lease agreement, and she did not present any mitigating evidence that would excuse her violation of the terms of the lease agreement during the review meeting. Crump was notified of this decision by letter. Claystone subsequently filed a complaint for eviction in the small claims court on July 12, 2013.

On July 24, 2013, the small claims court conducted an eviction hearing. During this hearing, Stern and Loyal testified that Claystone's policy regarding drug use or activity is necessary to protect the neighborhood and that it is important because it helps enhance the health, safety, and peaceful enjoyment of the residents of the Claystone apartments. Stern

5

and Loyal also testified that Claystone consistently enforces its policy of terminating leases if residents or their guests engage in drug use or drug activity. Loyal testified that he believed that consistency in applying Claystone's rules is important because failure to do so would have a "very negative impact and would affect a lot of other families, children, and others as well that resided in the community." Tr. p. 54. Loyal further testified that Claystone had terminated approximately twelve leases in the six months leading up to the hearing because of drug use or drug activity.

## DISCUSSION AND DECISION

### I. Whether Crump's Right to Due Process Was Violated

Crump contends that she was denied a sufficient opportunity to present a defense to Claystone's eviction claim and therefore her right to due process was violated. Specifically, Crump argues that she was denied a sufficient opportunity to present a defense to Claystone's eviction claim because Claystone failed to provide her with a copy of the report filed by Officer Ransom concerning the June 4, 2013 incident prior to the June 14, 2013 review hearing.

> The Fourteenth Amendment prohibits any state from depriving any person of "life, liberty, or property, without due process of the law." U.S. Const. amend. XIV, § 1. "Generally stated, due process requires notice, an opportunity to be heard, and an opportunity to confront witnesses." *Ind. State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp.*, 842 N.E.2d 885, 889 (Ind. Ct. App. 2006). The "opportunity to be heard" is a fundamental requirement of due process. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In *Lindsey v. Normet*, 405 U.S. 56, 66, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972), the Supreme Court explained that this principle includes "an opportunity to present every available defense."

*Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008).

6

Crump claims that due process required that Claystone provide her with a copy of the incident report prior to the June 14, 2013 review hearing. However, even assuming that Claystone was required to provide Crump with a copy of the incident report prior to the June 14, 2013 review hearing, Crump has failed to show how she was prejudiced by Claystone's failure to do so.

The record demonstrates that Crump was well aware of the basis for her eviction from Claystone prior to the June 14, 2013 review hearing. On June 7, 2013, Claystone sent a letter to Crump notifying her that she had violated her lease agreement by allowing criminal activity, *i.e.*, drug use, in her apartment and, as a result, her lease was being terminated. Crump made a timely request for a review hearing and, prior to said review hearing, wrote a letter to Claystone in response to the June 7, 2013 letter. In her letter, Crump indicated that she was aware of the noise violation, that Officer Ransom had detected the odor of recently burnt marijuana and observed lingering smoke emanating from Crump's apartment, and that at least one of her guests had admitted to Officer Ransom that he had smoked marijuana in Crump's apartment on June 4, 2013. In addition, Crump was given the opportunity to review and contest the information included in the incident report during the June 14, 2013 review meeting. Crump did not contest any information contained in the incident report and admitted that she knew that Walker and Hurd had smoked marijuana in her apartment on the date in question. Crump also acknowledged that she knew that she was responsible for Walker's and Hurd's actions in her apartment and asked for another chance.

It is undisputed that Crump's lease agreement provided that the lease could be

7

terminated for criminal activity by a guest of the tenant. The record demonstrates that Crump was aware of this fact. The record further demonstrates that Crump was aware of all of the statements contained in the incident report prior to the June 14, 2013 review hearing. Crump presented a defense to Stern and Loyal during the review hearing, indicated that she was aware of the noise violation and knew that her guests had violated the law by smoking marijuana in her apartment, and requested another chance. We conclude that Crump was given a full opportunity to present a defense, and has failed to show how her defense would have been different had she received a copy of the incident report prior to the June 14, 2013 review hearing. As such, we conclude that Crump has failed to prove that she was prejudiced by the alleged violation of her right to due process. *See Jones v. Housing Authority of City of South Bend*, 915 N.e.2d 490, 497 (Ind. Ct. App. 2009) (providing that an individual was not entitled to relief on appeal where the individual failed to show how he was prejudiced by an alleged violation of due process where an individual has been given notice of the claims supporting the eviction notice and a full opportunity to present a defense), *trans. denied*.

## II.  Whether the Small Claims Court Erred in Denying Crump's Discovery Request and Request for a Continuance

Crump also contends that the trial court erred in denying her discovery request and request for a continuance of the eviction hearing. With respect to requests for discovery in small claims matters, Small Claims Rule 6 provides as follows:

> Discovery may be had in a manner generally pursuant to the rules governing any other civil action, but only upon the approval of the court and under such limitations as may be specified. The court should grant discovery *only upon notice and good cause shown and should limit such action to the necessities of the case*.

8

(Emphasis added). With respect to a request for a continuance of an action filed in the small claims court, Small Claims Rule 9(A) provides that "[e]ither party may be granted a continuance for good cause shown … and all continuances must have the specific approval of the court. Continuances shall be for as short a period as possible."

On July 23, 2013, the day before the scheduled eviction hearing, Crump filed a discovery request seeking (1) a full and complete copy of her file at Claystone; (2) a list of names and address of any complaints on which the termination is based; (3) copies of all exhibits which Claystone intended to introduce at the eviction hearing; (4) a list of names and address of all witnesses which Claystone intended to call during the eviction hearing; and (5) a brief summary of what each potential witness was expected to testify to at the eviction hearing. Crump also filed a request for a continuance.

Claystone objected to Crump's requests, stating that it had provided her with all documentation on which it planned to rely and that the documentation contained the names of the potential witnesses. Claystone also asserted that because Crump had attended a meeting with the potential witnesses, she therefore had personal knowledge of their identity as well as the substance of their likely testimony. Claystone argued that Crump's attorney had everything she needed to prepare for the eviction hearing. Claystone claimed that Crump's requests amounted to an attempt to "abuse the Small Claims Trial Rules in order to extend the eminent eviction hearing." Appellant's App. p. 46.

Prior to the start of the July 24, 2013 eviction hearing, the small claims court heard arguments of the parties concerning Crump's requests. The trial court reiterated that it would

9

consider Crump's motion for a continuance if it became apparent during the eviction hearing that the continuance should be granted as a matter of justice. The small claims court denied Crump's request for discovery and continued on with the eviction hearing.

Again, in small claims actions, both a request for discovery and a request for a continuance require a showing of good cause. *See* Small Claims Rules 6 & 9. In the instant matter, the record demonstrates that Crump was offered all materials and had personal knowledge of the identity of each of the potential witnesses as well as the substance of their testimony prior to the eviction hearing. Crump has not pointed to any additional fact or piece of evidence on appeal that she claims could have discovered and would have been beneficial to her defense had said motions been granted. As such, we conclude that Crump has failed to show good cause for either her discovery request or her request for a continuance. The small claims court did not err in denying Crump's motions.

### III. Whether the Small Claims Court Erred in Upholding the Eviction Determination

Crump also contends that the small claims court erred in upholding the eviction determination. In raising this contention, Crump argues that the evidence was insufficient to sustain the judgment because Claystone failed to prove, by a preponderance of the evidence, that Crump's guests engaged in criminal activity while in Crump's apartment.

> Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). When reviewing claims tried by the bench without a jury, the reviewing court shall not set aside the judgment "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). In determining whether a judgment is clearly erroneous, we do not reweigh the evidence or determine the credibility

10

of witnesses but consider only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995); *see also Park Jefferson Apartments v. Storage Rentals*, 738 N.E.2d 685, 688 (Ind. Ct. App. 2000). A judgment in favor of a party having the burden of proof […] will be affirmed if the evidence was such that from it a reasonable trier of fact could conclude that the elements of the party's claim were established by a preponderance of the evidence. *Park Jefferson Apartments*, 738 N.E.2d at 688. This deferential standard of review is particularly important in small claims actions, where trials are informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law. *Hall*, 657 N.E.2d at 116 (citations omitted).

*Counceller v. Ecenbarger, Inc.*, 834 N.E.2d 1018, 1021 (Ind. Ct. App. 2005). The term

"preponderance of the evidence" has been defined as follows:

The greater weight of the evidence, not necessarily established by the greater number of witnesses testifying to a fact but by evidence that has the most convincing force; superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.

BLACK'S LAW DICTIONARY 1220 (8th ed. 2004).

In accordance with Indiana Small Claims Rule 8(A), a small claims trial "shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise." Thus, small claims actions are designed to be less formally structured than plenary proceedings. *Matusky v. Sheffield Square Apartments*, 654 N.E.2d 740, 742 (Ind. 1995).

*Fortner v. Farm Valley-Applewood Apartments*, 898 N.E.2d 393, 398 (Ind. Ct. App. 2008).

Upon review, we conclude that Claystone proved, by a preponderance of the evidence,

that Crump's guests committed a criminal act, *i.e.*, smoked marijuana, in Crump's apartment.

Stern testified that during the June 14, 2013 review meeting, Crump stated that Walker and

11

Hurd were guests in her apartment on June 4, 2013. Loyal and Stern further testified that Crump admitted during the June 14, 2013 review meeting that she knew that they had smoked marijuana in her apartment on June 4, 2013. Crump also acknowledged during the June 14, 2013 review meeting that she knew that under the terms of her lease, she was responsible for her guests' actions. Further, Crump does not dispute that she knew that any illegal behavior could result in termination of her lease.

In addition, Officer Ransom testified that when he arrived at Crump's apartment on June 4, 2013, he detected the odor of recently burnt marijuana and noticed lingering smoke in the air in the living room. Officer Ransom stated that based on his experience, he believed the marijuana had been smoked in Crump's apartment within an hour of his arrival because of the specific scent of the odor of the burnt marijuana and the lingering smoke. Officer Ransom testified to the difference between marijuana smoke and cigarette smoke, stating that marijuana smoke lingers in the air for a longer period of time than cigarette smoke.

Officer Ransom also testified that Walker and Hurd admitted that they had smoked marijuana in Crump's apartment earlier in the day. To the extent that Crump claims, for the first time on appeal, that this testimony was inadmissible hearsay, we note that Crump's failure to raise this claim before the small claims court results in waiver. *See Clarkson v. Dep't of Ins. of State of Ind.*, 425 N.E.2d 203, 206 (Ind. Ct. App. 1981) (providing that as a general rule, issues not raised before the trial court are not preserved on appeal). Furthermore, we also note that hearsay evidence is admissible in small claims actions, *Fortner*, 898 N.E.2d at 398, and that even if the admission of the challenged testimony was

erroneous, its admission was harmless as it was cumulative of other unchallenged evidence in the record. *See In re Paternity of H.R.M.*, 864 N.E.2d 442, 450-51 (Ind. Ct. App. 2007) (providing that in general, the admission of evidence that is merely cumulative of other evidence amounts to harmless error as such admission does not affect a party's substantial rights).

Claystone submitted sufficient evidence before the small claims court to prove, by a preponderance of the evidence, that Walker and Hurd were guests in Crump's apartment and that, while inside Crump's apartment, Walker and Hurd committed the criminal act of smoking marijuana. Crump's claim to the contrary effectively amounts to an invitation to reweigh the evidence, an invitation which we decline. *See Counceller*, 834 N.E.2d at 1021. As such, we conclude that the small claims court did not err in upholding the eviction determination.

## CONCLUSION

In sum, concluding (1) that Crump's right to due process was not violated; (2) the small claims court did not err in denying Crump's discovery request or request for a continuance; and (3) that the evidence is sufficient to sustain the judgment of the small claims court, we affirm the judgment of the small claims court.

The judgment of the small claims court is affirmed.

MATHIAS, J., and PYLE, J., concur.