# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEYS FOR APPELLANT

Kyle (Katherine) Wood
Katherine J. Rybak
Indiana Legal Services, Inc.
Bloomington, Indiana

ATTORNEYS FOR *AMICUS CURIAE*
NOTRE DAME CLINICAL LAW
CENTER

Judith Fox
Jackson Garvey, Certified Legal Intern
Notre Dame Clinical Law Center
South Bend, Indiana

ATTORNEY FOR APPELLEE

Jeanine Kerridge
Barnes & Thornburg LLP
Indianapolis, Indiana



FILED
Jun 30 2015, 7:05 am

CLERK
of the supreme court,
court of appeals and
tax court

## IN THE
# COURT OF APPEALS OF INDIANA

Theodore Miller,

*Appellant-Defendant,*

*v.*

LVNV Funding LLC,

*Appellee-Plaintiff*

June 30, 2015

Court of Appeals Case No.
82A04-1412-SC-598

Appeal from the Vanderburgh
Superior Court
The Honorable J. August Straus,
Magistrate

Trial Court Cause No. 82D06-1403-SC-2891

**Bradford, Judge.**

# Case Summary

[1] In 2005, Appellant-Defendant Theodore Miller obtained a Walmart credit card, with the credit account being owned by General Electric Capital Corporation. Miller last made a payment on the account in 2009, leaving an unpaid balance of approximately $1500. At some point, the debt was acquired by Appellee-Plaintiff LVNV Funding LLC, who sued Miller to collect. During the hearing in this small-claims action, the trial court took judicial notice of an affidavit of debt attached to LVNV's complaint and entered judgment in LVNV's favor. Miller contends that LVNV failed to produce sufficient evidence to sustain the trial court's judgment and that the trial court abused its discretion in basing its judgment on allegedly improper hearsay evidence. We affirm.

# Facts and Procedural History

[2] On January 20, 2005, Miller obtained a Walmart credit card issued by General Electric Capital. Miller last made a payment on the Walmart card on September 25, 2009, leaving an unpaid balance of $1509.97. On March 14, 2014, LVNV filed a notice of claim in small-claims court to collect the debt. On October 28, 2014, the trial court held a hearing on the matter, taking judicial notice of an affidavit of debt attached to LVNV's notice of claim, which provided as follows:

AFFIDAVIT OF DEBT

Comes now affiant, and states:

1. I, Tobie Griffin, am an employee of Resurgent Capital Services, LP, servicing agent for Plaintiff, and I am authorized to make this affidavit.

2. I am of adult age and am fully authorized by Plaintiff to make the following representations which are true according to documents kept in the normal course of Plaintiff's business and/or my personal knowledge. I am familiar with the recordkeeping practices of Plaintiff.

3. Plaintiff has obtained this debt from GE Money Bank and the original owner of this debt was General Electric Capital Corporation.

4. Theodore Miller, the Defendant, has an unpaid balance of $1,509.97 on account ************3475, plus interest at a rate of 0.00% from 5/2/2010. This account was opened on 1/20/2005. The last payment from Defendant was received on 9/25/2009.

5. The account which is the subject of the Complaint is a credit account.

6. This account balance includes:

   a. Late fees in the amount of $ 0.00 accruing from 5/2/2010.

   b. Interest at a rate of 0.00% beginning from 5/2/2010.

   c. Plaintiff is not seeking attorney's fees.

7. Plaintiff believes that Defendant is not a minor or an incompetent individual.

   I swear or affirm under the penalties of perjury that the foregoing representations are true.

Appellant's App. p. 15.

[3]     At the conclusion of the hearing, the trial court entered judgment in favor of LVNV for $1509.97 plus court costs. On November 26, 2014, Miller filed a motion to correct error, which the trial court denied on December 2, 2014.

# Discussion and Decision

[4]     Miller is appealing from a judgment in a small claims action, and we therefore employ the following standard of review:

> Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility. This "deferential standard of review is particularly important in small claims actions, where trials are 'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'" *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995) (quoting S.C.R. 8(A)). But this deferential standard does not apply to the substantive rules of law, which are reviewed de novo just as they are in appeals from a court of general jurisdiction. *Lae v. Householder*, 789 N.E.2d 481, 483 (Ind. 2003). Similarly, where a small claims case turns solely on documentary evidence, we review de novo, just as we review summary judgment rulings and other "paper records." *See Harrison v. Thomas*, 761 N.E.2d 816, 818 (Ind. 2002) (reviewing the trial court's decision de novo after a bench trial where the parties relied on documentary evidence); *Univ. of S. Ind. Found. v. Baker*, 843 N.E.2d 528, 531 (Ind. 2006) ("To the extent the evidence the parties offered is admissible, it is documentary .... our standard of review is de novo.")

*Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1067-68 (Ind. 2006).

# I. Sufficiency of the Evidence

Miller first contends that the affidavit of debt noticed by the trial court is insufficient to establish that LVNV actually owned the debt at issue. In small claims actions,

> A judgment in favor of a party having the burden of proof will be affirmed if the evidence was such that a reasonable trier of fact could conclude that the elements of the claim were established by a preponderance of the evidence. This court gives due deference to the trial court's opportunity to judge the credibility of the witnesses, does not reweigh the evidence, and considers only the evidence and reasonable inferences therefrom that support the trial court's judgment.

*Fortner v. Farm Valley-Applewood Apts.*, 898 N.E.2d 393, 398 (Ind. Ct. App. 2008) (citations omitted).

As previously mentioned, LVNV submitted an affidavit of debt with its notice of complaint, which was required in this case. *See* Indiana Small Claims Rule 2(B) ("The notice of claim shall contain … [a] brief statement of the nature and amount of the claim; and … if the claim is on an account, an Affidavit of Debt, in a form substantially similar to Small Claims Appendix A shall be attached[.]").

Miller claims that the following passage of the affidavit of debt is insufficient to establish that it owned Miller's debt: "Plaintiff has obtained this debt from GE Money Bank and the original owner of this debt was General Electric Capital Corporation." Appellant's App. p. 15. We disagree. Miller takes issue with what he argues is the insufficient (1) foundation for the affiant's knowledge and

(2) evidence of valid assignments of the debt from General Electric Capital to GE Money Bank and then to LVNV. The affidavit, however, contains an unequivocal statement that LVNV owns the debt, a statement based on the affiant's personal knowledge and LVNV's records, with which Griffin avers to be familiar. Moreover, as LVNV points out and Miller concedes, Griffin's affidavit conformed to the sample affidavit provided in Small Claims Appendix A. The trial court was entitled to credit Griffin's affidavit and did so. Miller is essentially arguing that LVNV should have had to prove more than the Small Claims Rules require. Miller, however, points to no authority that any more evidence than a properly-executed affidavit of debt is required in a small claims proceeding, and we are aware of none. Miller's argument, in the end, is nothing more than an invitation to reweigh the evidence (or substantially rewrite the Small Claims Rules), which we will not do.

## II. Hearsay

Miller also contends that the trial court should not have been able to rely on the affidavit of debt, even if nominally sufficient to prove LVNV's claim, because it was based on hearsay containing legal conclusions regarding the elements of that claim. Again, as Miller acknowledges, Small Claims Rule 8(A) provides that

> [t]he trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings *or evidence*

except provisions relating to privileged communications and offers of compromise.

(Emphasis added). So, prohibitions against the use of hearsay simply do not apply in small claims proceedings. A further Miller acknowledgment is that the Indiana Supreme Court has upheld a small claims judgment based solely on hearsay by a non-party affiant. *See Matusky v. Sheffield Square Apts.*, 654 N.E.2d 740, 742 (Ind. 1995). Miller, however, contends that we should carve out an exception for "hearsay statements that assert nothing more than the elements of a claim without factual support[,]" arguing that allowing such statements "opens the door to unscrupulous plaintiffs to pursue claims to which they have no legal right." Appellant's Br. p. 15. In the end, though, Miller provides no relevant legal authority to support the creation of such an exception, and we are aware of none. The Small Claims Rules allow the use of hearsay, and that is that. The trial court did not abuse its discretion in basing its judgment on the evidence contained in Griffin's affidavit.

[9] The judgment of the trial court is affirmed.

Vaidik, C.J., and, Kirsch, J., concur.